**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sam Frank URBANA, Defendant-Appellant.**

**No. 26446.**

United States Court of Appeals Fifth Circuit.

June 26, 1969.

Julius Lucius Echeles, Gerald Werksman, Jo-Anne F. Wolfson, Chicago, Ill., for appellant.

William Meadows, Jr., U. S. Atty., Miami, Fla., William G. Earle, James B. F. Oliphant, Attys., Dept. of Justice, Fred M. Vinson, Jr., Asst. Atty. Gen., Miami, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and GEWIN and GOLDBERG, Circuit Judges.

GEWIN, Circuit Judge:

The appellant, Sam Frank Urbana, was convicted by a jury in the United States District Court for the Southern District of Florida on a two-count indictment which charged that he caused to be transported in interstate commerce

two forged and falsely made traveler's checks, in violation of 18 .U.S.C. §§ 2 and 2314 (1964).[1] He was sentenced to four years' imprisonment on each count, the sentences to run concurrently.

Prior to the appellant's trial, the Government filed with the district court a "Memorandum of Information" which revealed that the United States had engaged in electronic surveillance of the appellant's activities. The Government submitted to the district court the transcripts produced by the surveillance. The court, after an *in camera* inspection, determined that the transcripts were not "arguably relevant to the prosecution at hand" and denied the appellant's request that they be made available for his inspection.

■ Subsequent to the proceedings below, the Supreme Court held in Alderman v. United States that "surveillance records as to which any petitioner has standing to object should be turned over to him * * *."[2] The Court vacated the judgment of conviction, remanded the case to the district court, and set out the procedure to be employed by that court in dealing with the accused's request to inspect surveillance records. Accordingly, the judgment of conviction in the case now before us is hereby vacated and the case is remanded to the district court for compliance with the procedure prescribed in *Alderman*.

Since, upon remand, a compliance with *Alderman* will culminate in either the district court's entering a new judgment of conviction or according the appellant a new trial, we think efficiency in the administration of justice demands that we consider the other assignments of error raised on this appeal.[3]

The appellant contends (1) that it was prejudicial error for the trial court not to instruct the jury on all the essential elements of the offenses charged and (2) that it was error for the court to deny the appellant's motion for a mistrial based on misconduct of the prosecutor. For the reasons discussed below, we hold that neither of these alleged errors requires reversal.

The Government offered evidence to prove that the appellant cashed two stolen American Express traveler's checks at stores in Miami, Florida and that, thereafter, the checks were received for payment at the American Express office in New York City. The theory of the appellant's defense was to establish that he was not the individual who cashed the checks. After all the evidence was in and the parties had rested, the court held a "charge conference" at which the prosecutor and defense counsel, in the presence of the appellant, discussed with the court the manner in which it should instruct the jury. At this conference, the court expressed the view that the evidence had created only one factual issue for jury determination, *viz.*, whether the Government had established beyond a reasonable doubt that it was the appellant who cashed the checks. The prosecutor and defense counsel concurred in this analysis of the evidence. Consequently, the court suggested that it

---

1. Section 2314 provides in pertinent part:
   Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeit securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited * * *
   *   *   *   *   *
   Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.
   Section 2 provides:
   (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures

its commission, is punishable as a principal.
   (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

2. 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969) [March 10, 1969].

3. *See* Sec v. National Securities, Inc., 393 U.S. 453, 89 S.Ct. 564, 21 L.Ed.2d 668, 678–679 (1969); Miller v. International Paper Co., 408 F.2d 283, 288–289 (5th Cir. 1969).

would be appropriate to charge the jury that the only question it was to decide was whether the appellant had cashed the checks. It was agreed that this instruction, in addition to two instructions requested by defense counsel concerning impeachment of witnesses and failure of the accused to testify, and the standard instruction explaining such legalisms as reasonable doubt, presumption of innocence, and burden of proof would make up the court's charge to the jury.

The one-issue approach which defense counsel had agreed that the court should employ in its jury instruction was employed by defense counsel himself in his closing argument to the jury:

> Our position simply is as simple as this, and do not let counsel mislead you; there is only one issue before you—was Mr. Urbana the individual that gave those two witnesses those checks. It is as simple as that; and if you find and believe, and you are convinced beyond a reasonable doubt, find him guilty. It is just that simple.

Counsel emphasized this as the only issue and repeated the substance of the argument to the jury. He made the most of the strategy he had chosen. Following the closing arguments, the court charged the jury in the manner agreed upon at the conference and, upon completing the charge, asked if there were exceptions. Defense counsel stated that he had none.

The appellant now contends that the court committed reversible error by failing to enumerate in its instructions all the essential elements of the offenses charged in the indictment. Since there was no objection at trial to the matter now alleged as error, our standard of review is that dictated by the plain error rule, which allows reversal only if necessary to avoid a clear miscarriage of justice or to correct the deprivation of a substantial right.[4]

The appellant cites cases in which this court has stated that the trial court must instruct on all essential elements of the offense.[5] These decisions, however, do not preclude our determining whether, in the circumstances of this case, the court's failure properly to instruct amounts to plain error. It is undisputed that the court instructed the jury on the determinative issue in the case. The instruction, unequivocally approved by defense counsel, coincided with the strategy employed by the defense throughout the trial. One element of the offenses, interstate movement of the checks, was stipulated to by defense counsel. Other essential elements on which the court offered no instructions were conceded by defense counsel in his argument to the jury. Moreover, these elements were supported by uncontested evidence. We conclude that, in the peculiar circumstances of this case, the court's erroneous instruction was not plain error.[6]

The result we reach is not unlike the Fourth Circuit's holding in United States v. Schmidt.[7] We quote from Judge Winter's opinion:

> An examination of the transcript makes it clear that the only substantial issue submitted to the jury was an issue of identification. Two bank tellers and two bank customers testified, all to the effect that the bank

---

4. Mims v. United States, 375 F.2d 135, 147 (5th Cir. 1967); Cook v. United States, 320 F.2d 258, 260 (5th Cir. 1963); Mann v. United States, 319 F.2d 404, 410 (5th Cir. 1963). *See* Fed.R. Crim.P. 30 and 52(b).

5. Peterson v. United States, 344 F.2d 419, 428 (5th Cir. 1965); Williamson v. United States, 332 F.2d 123, 132 (5th Cir. 1964); Merrill v. United States, 338 F.2d 763, 767–768 (5th Cir. 1964):

*See* Screws v. United States, 325 U.S. 91, 107, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); Lott v. United States, 218 F.2d 675, 680 n. 7 (5th Cir. 1955).

6. Moreover, it may well be that the omissions in the court's instructions were harmless. *See* Harrington v. California, 393 U.S. 1010, 89 S.Ct. 636, 21 L.Ed.2d 557 (1969) [June 2, 1969].

7. 376 F.2d 751 (4th Cir. 1967).

had been robbed, and that the robber had worn a dark blue suit, sunglasses and a dark hat pulled down on his face; all four identified defendant as the robber. While their testimony differed as to the use of a weapon, defendant's counsel presented no defense testimony and was constrained to tell the jury in final argument "I will concede, and I think we all know, that the bank was robbed. Whoever did it did something he should not have done and he should be punished for it. I will concede that these people saw a man in there with dark * * * glasses and two paper bags and a gun. I will not concede that it was Dick Schmidt that they saw coming there." In this context, we cannot conclude that defendant's rights were so prejudiced by the *district judge's failure to instruct in regard to the elements of the crimes that we should notice the error.*[8]

Although the omissions in the court's instruction do not require reversal, if this case is retried, *the court will instruct, of course, on all the essential elements of the offenses charged.*

 Next, we consider the appellant's contention that he was prejudiced by misconduct of the prosecutor. Upon direct examination by the prosecutor, an employee of a Miami store testified that a man, whom he identified in court as the appellant, entered the store and asked to see some shirts. The prosecutor then asked the witness: "Would you describe the manner of the defendant as he appeared to you?" Defense counsel objected to the prosecutor's referring to the individual who entered the store as the defendant, and the court instructed the prosecutor to rephrase his question. Continuing his examination of the witness, the prosecutor, shortly thereafter, again referred to the man under discussion as the defendant, asking the wit-

ness to state "what the defendant did or said." Defense counsel moved for a mistrial. The court denied the motion and instructed the jury that it should not consider as evidence the questions asked, but only the answers to the questions.

While we have held that it is improper for the prosecutor to state his personal opinion or to state facts not in evidence,[9] this record is free of any such impropriety which would require a mistrial. If the prosecutor's remarks were inappropriate, it is clear that the trial court's cautionary instruction obviated the error. The prosecutor's references to "the defendant" assumed nothing which had not been stated by the witness.

Vacated and remanded.

---

8. United States v. Schmidt, 376 F.2d 751, 753 (4th Cir. 1967). *See* United States v. Salliey, 360 F.2d 699, 702–703 (4th Cir. 1966); Lyons v. United States, 325 F.2d 370, 374–375 (9th Cir. 1963).

9. McMillian v. United States, 363 F.2d 165, 168–169 (5th Cir. 1966); Dunn v. United States, 307 F.2d 883, 885–886 (5th Cir. 1962).