**UNITED STATES of America**

**v.**

**Louis L. WILLIAMS, Appellant.**

**No. 71–1564.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 10, 1972.

Decided June 27, 1972.

Mr. Mark P. Schlefer, Washington, D. C. (appointed by this court), for appellant. Mr. Stephen F. Eilperin, Washington, D. C. (also appointed by this court), was on the brief for appellant.

Mr. Raymond Banoun, Asst. U. S. Atty., with whom Messrs. Harold H. Titus, Jr., U. S. Atty., and John A. Terry and Robert A. Shuker, Asst. U. S. Attys., were on the brief, for appellee.

Before LEVENTHAL and WILKEY, Circuit Judges, and RONALD N. DAVIES,* U. S. Senior District Judge for the District of North Dakota.

RONALD N. DAVIES, Senior District Judge:

This case arose out of the fatal shooting of Aaron F. Rogers which occurred on a public street in the District of Columbia at approximately 3:30 p.m. on July 14, 1969.

Shortly after 3:00 p.m. on that date the defendant, Louis L. Williams, had inquired of Dorsey McNeill if he had seen Rogers and was informed that Rogers had been seen going toward M Street. Williams departed in the opposite direction towards N Street. Fifteen to 25 minutes later McNeill heard the sound of a shot in the direction of 7th and N Streets and immediately went to the scene where he observed Rogers on his knees with a bullet wound in his stomach. Rogers was transported to a hospital where he was pronounced dead at 5:45 p.m. of "hemorrhage secondary to gunshot wound of the abdomen." A .25 caliber shell casing was recovered by a police officer at the scene of the shooting.

The only eyewitness was a seven-year old boy, Gregory Buckner, who had observed two men talking, Rogers with money in his hands and the other with his hands in his pockets who asked that the money be placed on the ground. Rogers refused and the other man removed a gun from his pocket, shot Rogers, picked up the money and fled through an alley.

One week later on July 21, 1969, at approximately 6:30 a.m. the defendant appeared at the apartment of Louis Marshall with a gun in his hand. A short conversation ended with the defendant leaving the apartment through the door while Marshall exited via the fire escape followed by one Joyce Venable. Upon reaching the ground Marshall saw the defendant coming down the alley carrying a brown paper sack. When Venable reached the ground she observed the defendant, who was lying on the ground with a gunshot wound in the leg, discard a paper bag. When a police officer arrived on the scene he was told by Venable that the defendant had thrown a brown bag into a bush. The retrieved bag contained a .25 caliber automatic weapon. Microscopic compari-

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

son for ballistic and firearm identification showed positively that the bullet, which had caused the death of Aaron F. Rogers and which had been removed from his body had been fired from this weapon.

Louis L. Williams, charged in a five-count indictment of felony-murder, second degree murder, attempted robbery while armed, attempted robbery and carrying a dangerous weapon, was convicted by a jury on Counts One, Three and Five which read as follows:

> "FIRST COUNT: On or about July 14, 1969, within the District of Columbia, Louis L. Williams did kill Aaron F. Rogers while perpetrating the crime of attempted robbery, as set forth in the third and fourth counts of this indictment.

> \*    \*    \*    \*    \*    \*

> "THIRD COUNT: On or about July 14, 1969, within the District of Columbia, Louis L. Williams, while armed with a dangerous weapon, that is, a pistol, by means of certain overt acts, that is, by arming himself with a pistol and pointing said pistol at Aaron F. Rogers, did attempt by force and violence and against resistance and by putting in fear, to steal and take from the person and from the immediate actual possession of Aaron F. Rogers, money and other valuable property.

> \*    \*    \*    \*    \*    \*

> "FIFTH COUNT: On or about July 14, 1969, within the District of Columbia, Louis L. Williams did carry, openly and concealed on or about his person, a dangerous weapon, capable of being so concealed, that is, a pistol, without a license therefor issued as provided by law."

At trial the defendant, by appropriate motions, challenged the sufficiency of the evidence to support the convictions and one of the issues here is the adequacy of the prosecution's proof. In addition, pursuant to Fed.Rules Crim.Proc. rule 52(b), there is raised the lower court's failure properly to instruct as to the elements constituting the crimes of attempted armed robbery and of attempted robbery as well as the court's instruction that the defendant could be found guilty of carrying a dangerous weapon on July 21, 1969, when ·Count Five actually charged that the offense occurred on July 14, 1969.

While the evidence presented was paper thin [1] it must be viewed in the light most favorable to the prosecution, Glasser v. United States, 315 U.S. 60, 62 S. Ct. 457, 86 L.Ed. 680 (1942), making full allowance for right of the jury to draw justifiable inferences of fact from the evidence and to assess credibility of the witnesses, United States v. Lucas, 144 U.S.App.D.C. 368, 447 F.2d 338 (1971); United States v. Hardin, 143 U.S.App.D.C. 320, 443 F.2d 735 (1970), and, in so doing, there was sufficient direct and circumstantial evidence from which the jury might find the defendant guilty beyond a reasonable doubt.

The defendant's remaining contentions are well taken. The court's instructions pertaining thereto are as follows:

> "Now, the indictment in this case, ladies and gentlemen of the jury,—so, we now get to the indictment, and we have covered the other factors. The indictment in this case in (sic) in five counts. A copy as I have already told you, will be given to you when you retire to the jury room.

> "Now in this case, the first count of the indictment alleges that the defendant, Louis Williams, killed another while perpetrating another crime of attempted robbery, as set out in the third and fourth counts of the indictment.

> "Now, such a killing is referred to in Count One of the indictment as a felo-

---

1. Though the witness, Gregory Buckner, did not identify the defendant at the time of trial in June of 1971, nearly two years after the event, he did give a description of Rogers' assailant that matched defendant's general physical characteristics.

ny murder, a murder in the first degree. And we, therefore, are concerned with the felony murder. The attempted robbery while armed, and attempted robbery are felonies. Therefore, the attempted robbery is an element of the felony murder alleged in the first count of the indictment.

"Now before you can consider the first count of the indictment you must first find the defendant guilty of attempted robbery while armed under the third count, or guilty of attempted robbery under the fourth count of the indictment.

"Now, I hope that is clear, ladies and gentlemen of the jury, and that you are not confused that the first count we will come back to. But the first count refers to felony murder.

"And so, obviously, you must consider the felony, and they are contained in the third and fourth counts of the indictment. And so I will therefore first instruct you as to the attempted robbery, and alleged under the third and fourth counts of the indictment. Actually, only one attempt to rob is alleged in the indictment. Therefore, if you find the defendant guilty under count three, you must necessarily find the defendant not guilty on count four, because both of them refer to the same.

"Now, if you find the defendant not guilty under Count Three of the indictment, you may then consider the attempted robbery under Count Four of the indictment.

"If you find the defendant not guilty of the attempted robbery under both counts contained in the indictment, and that is, Count Three and Four, then you must find the defendant not guilty of the felony murder under Count One of the indictment.

"In other words, an essential element of the felony murder is that you must find that the defendant committed a felony.

"Now, the District of Columbia Code provides, ladies and gentlemen of the jury, that if any person shall commit a crime of violence in the District of Columbia while armed with or having readily available any pistol or firearm or other dangerous weapon or deadly weapon, he may in addition to the punishment provided for the crime receive additional punishment.

"In this case, in order to find the defendant guilty of attempted robbery, the Government must prove beyond a reasonable doubt that the elements of the attempted robbery—and must further prove beyond a reasonable doubt that at the time and place of the alleged attempted robbery the defendant was armed or had readily available the weapon in question.

"It is not necessary that the defendant have actually used the weapon in question.

"In other words, in this particular case, it is up to you, but the fact of the armed robbery in the law is that the person must be armed with a pistol or with some other dangerous or deadly weapon.

"Now, the first count alleges the felony murder. That is the killing while the perpetrating of the crime, the crime of attempted robbery as set forth in the third and fourth counts of the indictment.

"Now, the District of Columbia Code provides:

"That whoever being of sound memory and discretion without purpose to do so kills another while attempting to perpetrate any robbery is guilty of murder in the first degree.

"This means that if a person kills another while attempting to perpetrate a robbery, the killing constitutes murder in the first degree.

"It is not necessary that such a killing have been committed with the purpose and with the intent to do so. In a killing even if committed without purpose, and intent to kill and even if ac-

cidentally is murder in the first degree if committed in an attempt to perpetrate a robbery.

\* \* \* \* \* \*

"Now, the fifth count of the indictment, ladies and gentlemen of the jury, charges the defendant with carrying a dangerous weapon. Now, the pertinent statute provides:

"That no person shall within the District of Columbia carry concealed on or about his person except in his dwelling, home or place of business, or other land possessed by him a pistol without a license which has been issued by the proper authorities for the carrying of a deadly or dangerous weapon.

"Now, this particular offense alleged in count five of the indictment alleges the carrying of a dangerous weapon on *July 21,* contained in the indictment. So your attention is drawn to the fact that you must find that the Government has proved beyond a reasonable doubt that the defendant on the date carried the gun in question." (Emphasis added.)

■ Nowhere in the instructions is there to be found one setting forth the essential elements constituting the crime of attempted robbery, the underlying felony upon which defendant's conviction on Count One (felony-murder) is predicated.

"[T]his court has placed great importance upon the manner in which a jury is instructed as to the elements of a crime. We have held that any omission of an element of a crime in the instructions to the jury is plain error under Rule 52(b) of the Fed.R. Crim.P. *See* Byrd v. United States, 119 U.S.App.D.C. 360, 342 F.2d 939 (1965); Jackson v. United States, 121 U.S.App.D.C. 160, 348 F.2d 772 (1965)." United States v. Gaither, 142 U.S.App.D.C. 234, 440 F.2d 262 (1971).

■ As to the court's instruction that the defendant could be convicted of the carrying of a dangerous weapon on July

21, the Government now argues that the phrase "on or about" as used in Count Five of the indictment was sufficient to cover both dates, while at the time of trial the Government attorney stated, during a bench conference:

" \* \* \* in the direct examination of Louis Marshall, the Government has very carefully kept out of this record any allegation that this defendant assaulted him with a gun or robbed him. There is no mention of that before this jury at this time. I have taken that responsibility on myself to keep allegations of an unrelated crime out of this case, \* \* \*."

In view of the testimony elicited during trial concerning the confrontation between Marshall and the defendant on July 21, 1969, when the defendant appeared at Marshall's apartment with a weapon in his hand, it was plain error to charge that the defendant could be found guilty of carrying a dangerous weapon on that date.

Accordingly, the judgment of the district court is reversed and the cause remanded for a new trial.