**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Milton Harvey BROWN, III,
Defendant-Appellant.**

No. 79–5328.

United States Court of Appeals,
Fifth Circuit.

May 8, 1980.

4. October 26, 1977.

F. Lloyd Blue, Jr., Fort Walton Beach, Fla., for defendant-appellant.

Thomas R. Santurri, Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before GOLDBERG, FRANK M. JOHNSON, Jr., and ANDERSON, Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

Milton Harvey Brown, III, was indicted and convicted in the United States District Court for the Northern District of Florida as an aider and abettor in the robbery of the Gulf Breeze Branch of the First Federal Savings and Loan Association of Santa Rosa County, Florida (First Federal).[1] Brown appeals his conviction. We affirm.

Brown mounts a two-pronged attack on his conviction. At issue is the court's instruction to the jury on the question of the status of First Federal as an institution within the meaning of 18 U.S.C. § 2113, the federal bank robbery statute,[2] and the sufficiency of the evidence introduced to demonstrate the requisite status.

## I. Jury Instruction

In 18 U.S.C. § 2113(g) [3] Congress provided for three "alternative bases" for federal jurisdiction over robbery of a savings and loan association. *United States v. Fitzpatrick*, 581 F.2d 1221, 1222–23 (5th Cir. 1978) (per curiam). Section 2113 governs such crimes if the savings and loan is "either a federally chartered institution, a federally insured institution, or a federal credit union . . . ." *United States · v. Fitzpatrick, supra*, 581 F.2d at 1223. Because the indictment against Brown charged that First Federal's deposits were insured by the Federal Savings and Loan Insurance Corporation (FSLIC) at the time of the robbery, *see* note 1 *supra*, "proof of the insured status of [First Federal] was an essential element of the crime charged, and indeed had to be proved in order to establish federal jurisdiction. *See United States v. Murrah*, 478

---

1. In its entirety the one count indictment charged that:

    ON or about January 11, 1978, in the Northern District of Florida, MILTON HARVEY BROWN III aka HARVEY BROWN did unlawfully aid and abet Vickie Lynn Fidler aka Vickie Lynn Whitworth, who by force, violence and intimidation did take from the persons and presence of certain bank employees in excess of $9,000.00, in money belonging to and in the care, custody, control, management and possession of the First Federal Savings and Loan Association of Santa Rosa County, Gulf Breeze Branch, 101 Fairpoint Drive, the deposits of which were then insured by the Federal· Savings and Loan Insurance Corporation, in violation of Title 18, United States Code, Sections 2113(a) and 2.

2. In part, the statute provides:

    § 2113. Bank robbery and incidental crimes.

    (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . .

    Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.·

    18 U.S.C. § 2113(a).

3. Section 2113(g) provides that:

    As used in this section the term "savings and loan association" means any Federal savings and loan association and any "insured institution" as defined in section 401 of the National Housing Act, as amended, and any "Federal credit union" as defined in section 2 of the Federal Credit Union Act.

    18 U.S.C. § 2113(g).

F.2d 762, 764 (5th Cir. 1973)." *United States v. Fitzpatrick, supra,* 581 F.2d at 1223.

■ The district court in its instructions to the jury read the entire indictment and the pertinent portions of Section 2113(a). *See* note 2 *supra.* Immediately thereafter, the court charged the jury that:

> In order to establish the offense of bank robbery as charged in the indictment there are three essential elements that must be proved beyond a reasonable doubt: First, the act or acts of taking from the person or presence of another any money belonging to or in the possession of a bank or savings and loan association *as charged*; secondly, the act or acts of taking such money by force or violence or by means of intimidation; and, third, that such acts were done willfully.
>
> As used in this law a bank means any bank the deposits of which are insured by the Federal Deposit Insurance Corporation. And a savings and loan association means any federal savings and loan association. (Emphasis added.)

The court committed error in its failure specifically to instruct the jury with respect to the jurisdictional basis—FSLIC insurance—charged in the indictment and asserted at trial. *See United States v. Fitzpatrick, supra,* 581 F.2d at 1223; *United States v. Bosch,* 505 F.2d 78, 82 (5th Cir. 1974). Despite the requirements of Rule 30, Fed.R.Crim.P.,[4] however, at trial Brown raised no objection to the charge. Because of Brown's failure to object at trial we will not reverse unless the error constitutes "plain error[ ] . . . affecting substantial rights" that "may be noticed [on appeal] although . . . not brought to the attention of the [district] court." Fed. R.Crim.P. 52(b).[5]

■ Dicta to the contrary notwithstanding, *see United States v. White,* 611 F.2d 531, 536 (5th Cir. 1980); *United States v. Musgrave,* 444 F.2d 755, 764 (5th Cir. 1971), *cert. denied,* 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973), we divine from precedent in this Circuit no rule that failure specifically to instruct on any single essential element of a crime per se constitutes plain error. *See United States v. White, supra,* 611 F.2d at 537; *United States v. Fitzpatrick, supra,* 581 F.2d at 1222 ("failure to instruct . . . on *this* essential element"); *United States v. Beasley,* 519 F.2d 233, 244 (5th Cir. 1975), *vacated on other grounds,* 425 U.S. 956, 96 S.Ct. 1736, 48 L.Ed.2d 201 (1976); *United States v. Bosch, supra,* 505 F.2d at 82 (jury verdict "limited by judicially fashioned blinders to a single specified fact issue"); *United States v. Ragano,* 476 F.2d 410, 417–18 (5th Cir. 1973); *United States v. Harper,* 460 F.2d 705, 707 (5th Cir. 1972); *United States v. Musgrave, supra,* 444 F.2d at 763–64 (omission of two separate essential elements); *United States v. Urbana,* 412 F.2d 1081, 1083 (5th Cir. 1969), *cert. denied,* 400 U.S. 821, 91 S.Ct. 39, 27 L.Ed.2d 49 (1970) (failure to instruct on all essential elements might have been harmless). Moreover, other circuits also have eschewed a per se analysis. *United States v. Singleton,* 532 F.2d 199, 205–06 (2d Cir. 1976);[6] *United*

---

**4.** "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict . . . ." Fed.R.Crim.P. 30.

**5.** Defendant also alleges that the court erred in stating that bank robbery was the offense charged. On review we must consider the charge as a whole. *United States v. Evans,* 572 F.2d 455, 471 n. 15 (5th Cir.), *cert. denied,* 439 U.S. 870, 99 S.Ct. 200, 58 L.Ed.2d 182 (1978). Viewed in this light there was clearly no plain error. Moreover, Section 2113 is entitled "Bank robbery and incidental crimes," *see* note 2 *supra.* Any error in the trial court's state-

ment was clearly harmless. *See United States v. Evans, supra,* 572 F.2d at 471 n. 15; *United States v. Radowitz,* 507 F.2d 109, 112 (3d Cir. 1974).

**6.** [F]ailure to charge accurately each and every element *may* be plain error cognizable on appeal . . . . [Citations omitted.] Those cases, however, do not establish a *per se* rule that every charge which fails separately and specifically to state each element will irreparably confuse the jury and deny the defendant his "substantial rights" to a fair trial and to have the jury pass upon each issue.

*States v. Natale,* 526 F.2d 1160, 1167 (2d Cir. 1975), *cert. denied,* 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 193 (1976); *United States v. Bryant,* 461 F.2d 912, 921 (6th Cir. 1972); *see United States v. Williams,* 463 F.2d 958, 962 (D.C.Cir.1972) (failure to instruct on any of the elements of the felony underlying conviction of felony murder); *Byrd v. United States,* 342 F.2d 939, 940 (D.C.Cir.1965) (neither recitation of elements nor a discussion of those elements).[7] *But see United States v. King,* 587 F.2d 956, 965–66 (9th Cir. 1978) (failure to charge an essential element is "generally" plain error).

Absent operation of a per se rule we examine the circumstances of the present case to determine whether the court's error in failing specifically to enumerate the jurisdictional element of federal insurance constitutes plain error affecting Brown's "substantial rights." Brown urges that we are bound by our decision in *United States v. Fitzpatrick, supra,* to hold the court's error here reversible. We disagree. The facts of *Fitzpatrick* are clearly distinguishable from those involved in the present case.

In *Fitzpatrick* and the present case the indictments based federal jurisdiction upon the fact of FSLIC insurance. *See* 581 F.2d at 1222; note 1 *supra.* Similarly, in both cases the government sought to prove that the institutions were federally insured. *See* 581 F.2d at 1223. In *Fitzpatrick,* the court charged the jury that jurisdiction depended upon proof of a federal charter, an alternative basis for federal jurisdiction. *Id.; see* note 3 *supra* and accompanying text. The *Fitzpatrick* court found plain error and reversed because:

The district court's instruction on the presence of a federal charter—an alternative statutory basis for federal jurisdiction which the government never charged and never sought to prove—cannot serve

*United States v. Singleton, supra,* 532 F.2d at 205 (emphasis added).

**7.** The cases evidence, however, nearly a per se plain error standard in situations in which the failure of the court to instruct concerns an element of the crime relating to knowledge or intent. *See United States v. Pope,* 561 F.2d 663, 671 (6th Cir. 1977); *United States v. De*

in place of a proper instruction on federally insured status, the basis charged in the indictment and asserted at trial.

581 F.2d at 1223.

█ If the instruction on jurisdiction in the present case contained no language beyond the statement that "a 'savings and loan association' means any federal savings and loan association," we would agree with Brown's position that *Fitzpatrick* controls here. The language quoted above, however, is not the only reference to jurisdiction made in the court's jury charge at Brown's trial. In its charge to the jury the court enumerated three elements of the crime with which Brown was charged. In that enumeration the judge stated the requirement that the jury find that the robbery was of "a savings and loan institution *as charged."* (Emphasis added.) Nothing similar occurred in *Fitzpatrick*; we believe the factual distinction is critical.

Clearly, the court cannot avoid completely its duty to instruct on the elements of the offense by merely incorporating or referring to the indictment. *See United States v. Bosch, supra,* 505 F.2d at 82; *United States v. Williams, supra,* 463 F.2d at 960–62; *Lott v. United States,* 218 F.2d 675, 680–81 n. 7 (5th Cir. 1955). Nevertheless, in deciding that a failure to instruct a jury on an element of the crime was *not* plain error, this Court has recognized the ameliorative effects of reading or referring to the indictment. *United States v. White, supra,* 611 F.2d at 537; *United States v. Beasley, supra,* 519 F.2d at 245. In *White,* the court read the indictment to the jury before the jury was sworn, instructed the jury that the offense of "forging . . . as charged" must be proved beyond a reasonable doubt, and sent the indictment with the jury into the jury room for considera-

*Marco,* 488 F.2d 828, 832 (2d Cir. 1973); *United States v. Small,* 472 F.2d 818, 819 (3d Cir. 1972); *United States v. Bryant, supra,* 461 F.2d at 920–21; *Vaccaro v. United States,* 461 F.2d 626, 638 (5th Cir. 1972); *United States v. Thomas,* 459 F.2d 1172, 1177 (D.C.Cir.1972); *United States v. Musgrave, supra,* 444 F.2d at 763–64.

tion. 611 F.2d at 537. Those facts are all present here. Additionally, however, the district court in the present case read the indictment at the beginning of its charge to the jury. Moreover, the indictment is neither long nor complex; in one count and one sentence it charged Brown with aiding and abetting in the robbery of First Federal. Finally, in the court's charge to the jury the portion of the indictment specifying that First Federal was federally insured precedes by only ten transcript lines the instruction that the robber must have taken "money belonging to or in the possession of a . . . savings and loan association *as charged*." (Emphasis added.) Under the circumstances, we believe the court "adequately informed the jury of the requisites to a finding of guilty . . . ." *United States v. Beasley, supra*, 519 F.2d at 245. The trial court's error in instructing the jury was not plain error requiring reversal.

## II. Sufficiency of the Evidence

■ Brown also urges reversal of his conviction because of claimed insufficiency of the government's proof that First Federal was a federally insured institution. The contention, however, is not persuasive. The court did not err in denying Brown's motion for judgment of acquittal.

The government's evidence of the insured status of First Federal consisted of a 1961 telegram and the testimony of Mr. Warren D. Jarvis, managing officer of First Federal. The telegram, sent by the comptroller of the FSLIC notified First Federal that FLSIC insurance became effective on April 25, 1961, under certificate of insurance number 4498. Mr. Jarvis testified that First Federal was insured at the time of the robbery. Although he did not become associated with the institution until several months after the robbery,[8] Mr. Jarvis as custodian of the business records knew that the insurance premiums had been paid.

Moreover, Mr. Jarvis testified that in August, 1978, he personally examined FSLIC certificate of insurance number 4498.[9]

As in a number of cases decided by this Court, the government's proof of federal insurance was sparse. See *United States v. Maner*, 611 F.2d 107, 108, 110 (5th Cir. 1980); *United States v. Williams*, 592 F.2d 1277 (5th Cir. 1979); *United States v. Fitzpatrick, supra*, 581 F.2d at 1223; *United States v. Murrah, supra*, 478 F.2d 762, 763–64 (5th Cir. 1973); *United States v. Thompson*, 421 F.2d 373, 379 (5th Cir.), *vacated on other grounds*, 400 U.S. 17, 91 S.Ct. 122, 27 L.Ed.2d 17 (1970); *Ahlstedt v. United States*, 325 F.2d 257, 260 (5th Cir. 1963), *cert. denied*, 377 U.S. 968, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964); *Cook v. United States*, 320 F.2d 258, 259–60 (5th Cir. 1963). Sparse evidence, however, can be enough.

In *United States v. Maner*, this Court exhaustively reviewed the cases considering the issue and "found no case still of precedential value from this Court or any other Circuit Court reversing a . . . conviction under § 2113 for insufficient proof of insurance." 611 F.2d at 111; *see id.* at 108–11 & n. 1. Viewing the evidence introduced here in light of case authority carefully examined in *Maner*, we conclude that the government presented sufficient evidence of FSLIC insurance. The telegram and Mr. Jarvis' statements that FSLIC insurance premiums had been paid and that the certificate of insurance in August, 1978, bore the same number as the certificate issued in 1961 support a jury finding of insurance on the date of the robbery. See *United States v. Maner, supra*, 611 F.2d at 110–11; *United States v. Williams, supra*, 592 F.2d at 1282; *United States v. Fitzpatrick, supra*, 581 F.2d at 1223.

Although we hold the evidence sufficient to support Brown's conviction, "the government obviously could have done a much better job . . . ." *United States v.*

8. In August, 1978, First Federal merged with the Clearwater Federal Savings and Loan Association as a division of Clearwater Federal. Mr. Jarvis' association with First Federal began the same month.

9. Mr. Jarvis inspected the certificate of insurance before sending it to the FSLIC, as required, upon the merger of First Federal and Clearwater Federal.

*Fitzpatrick, supra,* 581 F.2d at 1223. "[W]e have difficulty comprehending why the Government repeatedly fails to prove this element more carefully since the Government's burden is so simple and straightforward. . . . [T]he fault lies not with the Trial Judge. It rests squarely on the shoulders of the prosecutor." *United States v. Maner, supra,* 611 F.2d at 112. In *Maner* the detailed examination of cases considering the problem "reveal[ed] . . . a nationwide plague infecting United States Attorneys throughout the land. Hopefully the Attorney General will sense and remedy this national deficiency by directions pointing out the simple ways to prove this simple but indispensable fact." *Id.*

AFFIRMED.