Gregory Lee LOONEY, Plaintiff,

v.

Josie WALTERS–TUCKER,
et al., Defendants.

No. CIV. A. 98–0360 (PLF).

United States District Court,
District of Columbia.

Sept. 18, 1998.

Gregory Lee Looney, Pekin Federal Correctional Institution, Pekin, IL, pro se.

Charles G. Neighbor, F.D.I.C., Legal Div., Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

Plaintiff, proceeding *pro se*, brings this civil action to challenge the response of the Federal Deposit Insurance Corporation ("FDIC") to his request for records under the Freedom of Information Act, 5 U.S.C. § 552. Plaintiff sought records regarding the FDIC-insured status of a bank that he was convicted of robbing in Des Moines, Iowa. Having provided records and information regarding a bank with a similar name at a similar address on the assumption that plaintiff had misidentified the bank in his request, the FDIC now moves to dismiss the complaint. Having reviewed the complaint, defendants' motion and declarations, plaintiff's responses, defendants' replies and the entire record herein, the Court denies defendants' motion.

## I. FACTS

On July 25, 1990, two men wearing nylon stockings over their faces and wielding guns entered the United Federal Savings Bank in Des Moines, Iowa, and stole $14,591. Complaint, Attachment (Presentence Investigation Report), at 5–6, 9.[1] Plaintiff in this action, Gregory Lee Looney, was charged with driving the get-away car. *Id.*, at 5. On March 13, 1991, a jury found Mr. Looney and a co-defendant guilty of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). Complaint, ¶ 2, Attachment (Presentence Investigation Report), at 4. For purposes of this offense, a "bank" is defined to include

---

1. The attachments to the complaint are unnumbered and, thus, are referred to by title throughout this Memorandum Opinion.

"any institution the deposits of which are insured by the Federal Deposit Insurance Corporation," 18 U.S.C. § 2113(f), and juries are always instructed that they must find beyond a reasonable doubt that at the time of the offense the bank in question was insured by the FDIC. *See, e.g., United States v. Sliker*, 751 F.2d 477, 483–84 (2nd Cir.1984) (essential element that at time of offense bank was insured by FDIC); *United States v. Brown*, 616 F.2d 844, 846 (5th Cir.1980) (federally insured status of bank is essential element of offense).[2] At his trial, Mr. Looney's defense counsel stipulated to the fact that the bank that had been robbed was FDIC-insured. Complaint, ¶ 5.

Mr. Looney's conviction was affirmed on appeal. *See United States v. Looney*, 985 F.2d 569 (8th Cir.1992) (Table). He has since filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, in the United States District Court for the Southern District of Iowa. Complaint, ¶ 7. One basis for his motion is a claim of ineffective assistance of counsel for stipulating to the FDIC-insured status of the bank. Complaint, at 8–10.[3] In an attempt to obtain information in support of his motion, Mr. Looney sent numerous letters to the Office of Thrift Supervision and the FDIC seeking records and information regarding the bank he was convicted of robbing. *Id.* Plaintiff received responses to the bulk of his requests, but he was unable to confirm to his satisfaction whether the bank he was convicted of robbing was FDIC-insured on the date of the robbery, July 25, 1990.

## II. DISCUSSION

After exhausting his administrative remedies, plaintiff filed this FOIA action against the FDIC and Josie Walters–Tucker, the FDIC employee who denied his final FOIA request. Defendant moves to dismiss Ms. Walters–Tucker on the ground that only an agency, not an individual, can be sued under the FOIA. *See Stone v. Defense Investigative Serv.*, 816 F.Supp. 782, 785 (D.D.C.1993).

Plaintiff moved to amend his complaint to remove Ms. Walters–Tucker as a defendant and to add the Office of Thrift Supervision ("OTS"). Plaintiff's motion to amend is granted with respect to Ms. Walters–Tucker, and she is dismissed from the action. The case caption will not change, however, for ease of court administration.

■ The motion to amend is denied with respect to the Office of Thrift Supervision. Plaintiff made several requests for records from the OTS to which he received partial responses and a referral to the FDIC. Complaint, ¶¶ 9–10, 12–13. Plaintiff does not allege that he appealed these responses of the Office of Thrift Supervision. Exhaustion of administrative remedies is a jurisdictional prerequisite to the maintenance of a Freedom of Information Act claim. *See, e.g., Spannaus v. United States Dep't of Justice*, 824 F.2d 52, 58 (D.C.Cir.1987) (citing *Stebbins v. Nationwide Mutual Ins. Co.*, 757 F.2d 364 (D.C.Cir.1985)). Because of his failure to exhaust with respect to the OTS, he may not proceed against it in this Court.

Defendant argues that this action is moot because the FDIC has fully complied with its FOIA obligations. Defendant asserts that it produced all records responsive to plaintiff's FOIA request after a reasonable search of its files. In addition, the FDIC went so far as to create records to provide plaintiff with the information sought. The FDIC's search and production is premised, however, on the conclusions it reached, contained in a footnote in defendant's motion, that there was no branch at 3401 Ingersoll Avenue, that "[t]he FDIC's records show that United Federal Savings Bank of Iowa maintained a branch facility located at 3409 Ingersoll Avenue, Des Moines, Iowa, on July 25, 1990," and that plaintiff therefore must have intended to ask for records related to this address. *See* Memorandum of Defendant Federal Deposit Insurance Corporation in Support of its Motion to Dismiss, at 3 n. 4; *see also* Corrected Declaration of Valarie J. Best, ¶ 6 (branch

---

2. Furthermore, reversal of a conviction for insufficiency of the evidence of FDIC insurance at the time of the crime requires entry of judgment of acquittal, not simply a new trial. *See United States v. Sliker*, 751 F.2d at 484 n. 4.

3. The paragraphs of the complaint titled "Argument in Support," beginning on page 6, are unnumbered.

facility of United Federal Savings Bank of Iowa "which is the subject of Looney's FOIA request, was located at 3409 Ingersoll Avenue, Des Moines, Iowa").

In the presentence investigation report, the Probation Office identified the bank that was robbed as the United Federal Savings Bank, located at 3401 Ingersoll Avenue in Des Moines, Iowa. Complaint, Attachment (Presentence Investigation Report), at 5. This address for the bank that was robbed was supported by the testimony of the government's witnesses at plaintiff's criminal trial. *See* Complaint, ¶ 11, Attachment (Grote Direct Examination). As proof that there was and still is a bank at 3401 Ingersoll Avenue, plaintiff has provided a copy of a newspaper report of a more recent bank robbery. *See* Plaintiff's Request for Full Admission from Defendant's and Some Additional Information in Support Thereof, Attachment (Jim Pollock, *Bank Robberies Are Similar*, The Des Moines Register, May 8, 1998).

■ Plaintiff's FOIA request clearly sought records regarding the "United Federal Savings Bank of Iowa, at *3401 Ingersoll Avenue*, Des Moines, Iowa 50312, FDIC–No. 29287–7 . . . for the month of July 25, 1990." Complaint, ¶ 15, Attached Letter, dated October 3, 1997 (emphasis added).[4] Yet, the FDIC apparently did not conduct any search of its records for a bank at that location for the relevant time period and certainly never responded to the clear request for records made by plaintiff. Defendant's response regarding a bank located at *3409 Ingersoll Avenue*, while likely intended by the FDIC to be helpful, therefore is nonresponsive.

In its reply in support of its motion, the FDIC lawyers state that the FDIC "has no records regarding a 3401 Ingersoll Avenue address." *See* Defendant's Reply to Plaintiff's Response to FDIC's Motion to Dismiss

or, Alternatively, for Summary Judgment, at unnumbered page 3. Defendant's assertion that it has no records responsive to plaintiff's precise request is unsupported by affidavit or declaration. Accordingly, the motion to dismiss or for summary judgment must be denied. *See Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981) (court may award summary judgment solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith").[5]

Accordingly, it is this 18th day of September, 1998,

ORDERED that plaintiff's motion to amend [14] to remove Josie Walters–Tucker as a defendant is GRANTED; but to the extent the motion seeks to add the Office of Thrift Supervision it is DENIED; it is

FURTHER ORDERED that Josie Walters–Tucker is DISMISSED from this action; it is

FURTHER ORDERED that defendant's motion to dismiss or, in the alternative, for summary judgment [11] is DENIED; it is

FURTHER ORDERED that plaintiff's motion to strike the declaration in support of defendant's motion [15] is DENIED as moot; it is

FURTHER ORDERED that plaintiff's motion for admission [19] is DENIED; and it is

FURTHER ORDERED that on or before October 24, 1998, the defendant shall file a renewed dispositive motion and affidavit or declaration in support thereof detailing its search for records related to any banking

---

4. Plaintiff had earlier requested responsive records from the time period of July 24, 1990, to July 24, 1991. Complaint, ¶ 14, Attached Letter, dated August 22, 1997. On appeal to the agency, however, plaintiff limited his request to "the period of July 25, 1990." Complaint, ¶ 19, Attached Letter, dated November 2, 1997.

5. Plaintiff asks this Court to deem the FDIC's unsupported statement that it 'lacks records regarding a bank at 3401 Ingersoll Avenue as admitted and to make certified findings for the United States District Court for the Southern District of Iowa. The location and FDIC-insured status of the bank which plaintiff robbed is not before this Court in this FOIA action. Thus, plaintiff's motion for admission will be denied.

institution at 3401 Ingersoll Avenue, Des Moines, Iowa, on or for any period of time including July 25, 1990, and either producing or adequately justifying the withholding of such records, or affirming—supported by affidavit or declaration—that it has no such responsive records.

SO ORDERED.