# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2022

Lyle W. Cayce
Clerk

No. 19-51135

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Eugene Hernandez; Ricky Escobedo,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-391-28

Before Smith, Clement, and Haynes, *Circuit Judges*.

Per Curiam:*

A jury convicted Robert Eugene Hernandez and Ricky Escobedo of several charges related to their involvement in the Texas Mexican Mafia ("TMM"). Hernandez now appeals his sentence of 420 months in prison, and Escobedo appeals his convictions and his sentence of 300 months in prison. For the following reasons, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-51135

## I. Background

Hernandez and Escobedo were members of the TMM and were involved in the group's drug distribution and racketeering activities. The TMM requires a tax, known as "the dime," from nonmembers who distribute narcotics in defined territories. Hernandez and Escobedo were involved in the collection of dime payments and participated in home invasions designed to elicit compliance with the TMM's tax mandate.

Hernandez and Escobedo were both convicted of (1) conspiracy to interfere with commerce by threats or violence (Count One); (2) conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, cocaine, and heroin (Count Two); (3) possession of a firearm in furtherance of drug trafficking (Count Twelve, Escobedo; Count Eighteen, Hernandez); (4) felon in possession of a firearm (Count Thirteen, Escobedo; Count Twenty, Hernandez); and (5) conspiracy to possess firearms in furtherance of drug trafficking (Count Twenty-One). Hernandez was also convicted of possession with intent to distribute methamphetamine (Count Nineteen); and Escobedo was convicted of possession with intent to distribute cocaine (Count Eleven).

We have jurisdiction over Hernandez and Escobedo's timely appeals under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## II. Discussion

### a. *Hernandez*

Hernandez argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Specifically, he argues that the district court should have given more consideration to his mitigating factors, including his advanced age and rehabilitative needs as a combat veteran.

We consider the substantive reasonableness of a sentence imposed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Furthermore, we presume that a sentence below the properly calculated guidelines range, like Hernandez's, is reasonable. *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015).

The district court considered Hernandez's mitigation arguments, the record, and the § 3553(a) factors before determining that a total sentence below the guidelines range of life was fair and reasonable. Hernandez fails to rebut the presumption of reasonableness attached to his sentence by showing that the district court failed to consider a pertinent factor or erred in balancing the sentencing factors. *See id.* at 557–58. Accordingly, the district court did not abuse its discretion by imposing Hernandez's sentence.

### b. *Escobedo*

Escobedo argues that the district court violated his Fifth Amendment rights when it adopted the Government's jury instructions. Per Escobedo, the jury instructions constructively amended the indictment by broadening the counts contained therein, thus allowing the jury to convict him of unindicted crimes. Specifically, Escobedo asserts that the district court constructively amended Counts One, Eleven, and Twelve because the jury instructions omitted any reference to the date ranges included in the indictment, as well as any reference to the overt acts cited in Count One or the specific gun cited in Count Eleven. Because Escobedo did not object to the jury instructions at trial, we review for plain error only. *See United States v. Bohuchot*, 625 F.3d 892, 897 (5th Cir. 2010).

"A criminal defendant has a Fifth Amendment right to be tried only on charges presented in a grand jury indictment, and therefore only the grand jury may amend an indictment once it has been issued." *United States v. Daniels*, 252 F.3d 411, 413 (5th Cir. 2001) (internal quotation marks and

citation omitted). A constructive amendment of an indictment occurs "when the [G]overnment is allowed to prove an essential element of the crime on an alternative basis permitted by the statute but not charged in the indictment." *United States v. Diaz*, 941 F.3d 729, 736 (5th Cir. 2019) (per curiam) (quotation omitted).

We presume that a jury has followed the instructions given by the district court. *United States v. Olano*, 507 U.S. 725, 740–41 (1993); *United States v. Isgar*, 739 F.3d 829, 841 n.39 (5th Cir. 2014); *see also United States v. Brown*, 616 F.2d 844, 846–48 (5th Cir. 1980) (holding no plain error where the district court instructed jury that the Government was required to prove that defendant committed the financial crime "as charged" in the indictment). Here, the written jury charge expressly noted that even though the indictment alleged that "the offenses were committed on or about a specified date or date range," the Government did not have to prove that the offense was "committed on that exact date" as long as it proved "beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment." The jury charge further instructed that Escobedo was "not on trial for any act, conduct, or offense not alleged in the indictment." Moreover, prior to reading the charges to the jury, the district court confirmed that each juror had a copy of the indictment readily available. Presuming, as we are required to do, that the jury followed its instructions, it could not have convicted Escobedo of anything other than the offenses "as charged" in the indictment. *See Olano*, 507 U.S. at 740–41; *Brown*, 616 F.2d at 846–48.

Additionally, despite Escobedo's focus on the limited testimony detailing activities occurring outside the timeframe specified in the indictment, the Government presented ample evidence by which the jury could convict Escobedo on Counts One and Eleven. Similarly, the Government presented sufficient evidence by which the jury could convict

No. 19-51135

Escobedo on Count Twelve. Escobedo has not demonstrated that his substantial rights were affected simply because the jury heard evidence regarding some criminal activity that occurred in 2007 and evidence of other firearms (particularly given that the other firearms evidence was relevant to Count Twenty-One). Accordingly, Escobedo cannot demonstrate that the district court committed plain error. *See Bohuchot*, 625 F.3d at 897, 900.

Escobedo also argues that his consecutive sentences for Count Twelve and Count Twenty-One and his concurrent sentences for Count Two and Count Eleven were multiplicitous, thus violating the Double Jeopardy Clause. Under the test articulated in *Blockburger v. United States*, 284 U.S. 299 (1932), "double jeopardy is not implicated if each offense at issue involves proof of at least one element not required of the other." *United States v. Palella*, 846 F.2d 977, 982 (5th Cir. 1988). Escobedo acknowledges that the *Blockburger* test would foreclose his double jeopardy argument under normal circumstances but asserts that the alleged constructive amendments effectively removed any "differences between the counts." Because, as discussed above, Escobedo's constructive amendment argument fails, his double jeopardy claim also fails.[1]

The judgment of the district court is AFFIRMED.

---

[1] In any event, this claim is meritless. Count Twelve involves a violation of 18 U.S.C. § 924(c), which requires proof of possession of a firearm in furtherance of drug trafficking, and Count Twenty-One involves a violation of § 924(o), which requires proof of conspiracy to possess a firearm in furtherance of drug trafficking. Similarly, Count Eleven involves a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), which requires proof of possession with intent to distribute, and Count Two involves a violation of §§ 846 and 841(a)(1), (b)(1)(A), which requires proof of conspiracy to possess with intent to distribute. In other words, each of these offenses involves "proof of at least one element not required of the other." *See Palella*, 846 F.2d at 982.