**Burley James KING, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21553.**

United States Court of Appeals,
Ninth Circuit.

April 24, 1970.

Kenneth P. Lezin (argued), Mill Valley, Cal., for appellant.

David H. Fox (argued), Robert L. Brosio, Asst. U. S. Attys., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, MERRILL and TRASK, Circuit Judges.

HAMLEY, Circuit Judge.

Burley James King appeals from his conviction, after trial to the court without a jury, of aiding and abetting in the robbery, by force and violence, of the Vermont-30th Street, Los Angeles branch of the Bank of America, in violation of 18 U.S.C. § 2113(a).

It is an essential element of an offense under section 2113(a) that the institution robbed be a "bank, or any savings and loan association." The indictment alleged that the institution here in question is a bank. The term "bank" as used in section 2113(a), is defined in 18 U.S.C. § 2113(f), to include (1) any member bank of the Federal Reserve System, (2) any bank operating under the laws of the United States, and (3) any bank the deposits of which are insured by the Federal Deposit Insurance Corporation. *See* Schoepflin v. United States, 391 F.2d 390, 396, note 5 (9th Cir. 1968).

The indictment alleged that the Vermont-30th Street branch of the Bank of America is a "bank" under all three of these criteria. However, at the trial the Government failed to prove that this branch met any of these criteria. At the close of the Government's case defendant moved for judgment of acquittal but did not call specific attention to the lack of evidence as to the national character of the bank. The motion was denied. Defendant did not put on any evidence.

On this appeal defendant's only contention is that, in view of the lack of any evidence as to an essential element of the crime, the national character of the branch bank which was robbed, the judgment must be reversed.

■ The Government argues that the trial court apparently took judicial notice of the branch bank's national character, and it was permissible for the court to do so. We find nothing in the record to indicate that the trial judge did in fact take such judicial notice. Nor can we assume that the trial judge took judicial notice of the national character of the branch bank on the day in question. *See* Garner v. Louisiana, 368 U.S. 157, 174, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961).

■ While the Government invites us to do so, we decline to take judicial notice of the national character of this branch bank on the day of the robbery. We do not decide, however, whether circumstances could be stated under which it would be appropriate for a court of appeals to take judicial notice of the national character of a bank.

■ Absent evidence as to the branch bank's national character the judgment of conviction cannot stand. This does not mean, however, that we must direct judgment of acquittal. We may, in our discretion, direct a new trial. *See* Bryan v. United States, 338 U.S. 552, 559–560, 70 S.Ct. 317, 94 L.Ed. 335 (1950). But since this is a non-jury case and the deficiency in the evidence pertains only to the question of the branch bank's national character on a particular day under 18 U.S.C. § 2113(a), no purpose will be served by requiring a complete new trial. It will sufficiently protect defendant's rights if he is accorded an evidentiary hearing limited to the issue on which the evidence is insufficient.

Our power to fashion such a remedy is provided for in 28 U.S.C. § 2106 relating to determinations by appellate courts. *See*, for example, Campbell v. United States, 365 U.S. 85, 98–99, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961); United States v. Shotwell Mfg. Co., 355 U.S. 233, 245–246, 78 S.Ct. 245, 2 L.Ed.2d 234 (1957); Wilson v. United States, 250 F.2d 312, 326 (9th Cir. 1957), on rehearing 254 F.2d 391 (9th Cir. 1958).

Accordingly, this cause is remanded to the district court for the limited purpose of receiving evidence and making a special finding of fact on the question of whether, on the day of the robbery, the Vermont-30th Street branch of the Bank of America was a "bank" within the meaning of 18 U.S.C. § 2113(a) and (f). If the district court finds that this branch bank was not such a "bank" on that day it shall enter a judgment of acquittal, and shall transmit a copy thereof to this court, whereupon this appeal will be dismissed. If the district court finds and concludes that this branch bank was such a "bank" on that day, the cause shall be retransferred to this court with a supplemental record of the proceedings on remand.

The defendant may challenge the latter determination on the present record, as supplemented, by filing a supplemental brief in this court within twenty days after the retransfer of the cause. No new notice of appeal will be necessary. The Government will have twenty days to answer any such supplemental brief and defendant will have fourteen days thereafter in which to file a reply brief. If defendant does not file a supplemental brief within twenty days of the retransfer of the cause, the judgment will be affirmed without further opinion.