**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joe Grady MURRAH, Defendant-
Appellant.**

**No. 72-3491**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 26, 1973.

---

2. We regard as frivolous Guzman's request for resentencing by another judge.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

James E. Davis, Texarkana, Ark., for defendant-appellant.

Roby Hadden, U. S. Atty., Dennis R. Lewis, Asst. U. S. Atty., Tyler, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Joe Grady Murrah appeals from his judgment of conviction and sentence to concurrent ten and five year confinement sentences for (1) aiding and abetting the robbery of an FDIC insured bank, (Title 18, U.S.C. Secs. 2113(d) and 2), and (2) conspiracy to commit said bank robbery (Title 18 U.S.C. Sec. 371).

The claims of error raised on appeal are (a) improper jury instructions as to consideration of accomplice testimony, (b) improper jury instructions as to the specific intent required to be proved under the substantive count, and (c) impermissible use of hearsay testimony to prove that the bank was FDIC insured at the time of the robbery. We affirm.

Responding to the first contention, we do not find harmful error demonstrated in the instructions given when the several portions of the entire charge are weighed in relation each to the other.

The objection to the instructions concerning requisite specific intent is raised for first time on appeal, not having been preserved for review as required by Rule 30, F.R.Crim.P. Assuming without deciding that the charge might have been appropriately clarified if timely objected to, we reject the attack on it as failing to demonstrate "plain error". Rule 52(b), F.R.Crim.P.

The entire proof offered with respect to the FDIC insured status of the bank at the time of the robbery is reproduced in the margin.[1] The witness was no longer connected with the bank when he testified, but he had been its president the year before at the time of the robbery. He testified from personal knowledge that the bank's deposits were in fact federally insured and gave the certificate number, 19936–2 from memo-

---

1. DIRECT EXAMINATION OF MARVIN THOMAS CURETON BY MR. LEWIS:
Q. Mr. Cureton, will you please state your full name for the record, please?
A. My name is Marvin Thomas Cureton.
Q. Mr. Cureton, how are you currently employed?
A. I am a vice-president with the First Federal Savings & Loan Association here in Marshall.
Q. How were you employed, Mr. Cureton, in the first part of 1971?
A. I was the president of the Security State Bank in Elysian Fields, Texas.
Q. In the course of that employment, Mr. Cureton, are you able to say that that bank was insured by the FDIC?
A. Yes, it was.
MR. DAVIS: Your Honor—
THE WITNESS: (interrupting) And it is.
THE COURT: Just a moment.
MR. DAVIS: I object to his testimony in this regard because being insured by the FDIC, if it is admissible at all,

it is a business record. He is no longer the custodian of that business record and the best evidence of the bank's being insured is the Certificate of Insurance.
THE COURT: Well, if he knows of his own personal knowledge that it was insured by the FDIC, then he can testify to it.
Overruled.
What was your answer?
THE WITNESS: Yes, Sir, it was and is still insured by the FDIC.
BY MR. LEWIS:
Q. Further, Mr. Cureton, are you aware of what the certificate number of the Certificate of Insurance is?
A. Yes, sir, I have it here. It is 19936—
MR. DAVIS: (interrupting) Your Honor, again I object to it as hearsay.
THE COURT: Overruled.
BY MR. LEWIS:
Q. Go ahead, please, sir.
A. 19936–2.

ry. Of course proof of FDIC insured status is a required element of proof of the offense. Indeed it is necessary to allege and prove it to establish federal jurisdiction. But appellant fails to demonstrate prejudice to him in the overruling of his objections on the grounds of "best evidence" or "hearsay". No evidence contrary to that of Cureton was offered by appellant. The cases he cites, King v. United States, 9 Cir.1970, 426 F.2d 278, and Kane v. United States, 8 Cir.1970, 431 F.2d 172 do not offer support to our reaching a different result. Indeed *Kane,* 431 F.2d at 175–176, albeit in dictum, holds that the original insurance certificate while clearly the best evidence, need not be produced.[2]

Affirmed.

2. See further the helpful discussion of the point in a 9th Circuit case decided shortly after *King,* United States v. Phillips, 9 Cir. 1970, 427 F.2d 1035, 1037. See also United States v. Huff, 5 Cir. 1969, 409 F.2d 1225, 1227, Note 1, (error not committed when allegedly improperly authenticated certificate was received); Ahlstedt v. United States, 5 Cir. 1963, 325 F.2d 257 (uncontradicted but objected to testimony by bank officer that to his knowledge bank was at time of trial federally insured and identification of certificate by that officer was sufficient proof of insurance at time of bank robbery); and Cook v. United States, 5 Cir. 1963, 320 F.2d 258 (bank officer's unobjected to testimony that bank's deposits were federally insured held sufficient proof, even though not addressed to date of robbery).