UNITED STATES of America, Plaintiff-Appellee,

v.

Paulo M. TREVINO, Jr., Defendant-Appellant.

No. 83–2211
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1983.

Armando Cavada (Court-appointed), Corpus Christi, Tex., for defendant-appellant.

James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

RANDALL, Circuit Judge:

Appellant Paulo Trevino, Jr., appeals his jury conviction of receiving firearms that had traveled in interstate commerce, with the intent to commit bank robbery in violation of 18 U.S.C. § 2113 (1976), in violation

of 18 U.S.C. § 924(b) (Supp. V 1981).[1] Trevino contends that the evidence was insufficient to support his conviction because the government failed to prove that the bank in question was a "bank" as defined in the federal bank robbery statute, 18 U.S.C. § 2113(f). For the reasons set forth below, we reverse the conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

On May 25, 1982, the Citizen's National Bank of Victoria, Texas, was robbed by two armed men. Upon arriving at the scene, police officers confronted the robbers, who were attempting to flee in a pickup truck. In the ensuing melee, gunfire was exchanged and a police officer was wounded. The driver of the truck was apprehended but the other robber escaped.

Later that day, Trevino contacted a friend of his, Alex de la Garza, and asked for help. Trevino stated that he had robbed a bank and "shot a pig." Trevino gave a gun to de la Garza and asked him to hide it for him. De la Garza contacted the police and informed them of the whereabouts of Trevino and the gun. Shortly thereafter, Trevino was arrested.

At the close of the government's case at trial, Trevino moved for a judgment of acquittal pursuant to Fed.R.Crim.P. 29(a), on the ground that the government had failed to prove an essential element of the offense charged in Count I of the indictment. Trevino's motion was predicated on the total lack of evidence with regard to whether the Citizen's National Bank of Victoria was a "bank" as defined in 18 U.S.C. § 2113(f). The district court denied the motion; Trevino was convicted. He now asserts that the denial of the motion constituted reversible error.

## II. THE STATUTES.

Count I of the indictment against Trevino charged a violation of 18 U.S.C. § 924(b). Count I alleged in pertinent part:

Paulo M. Trevino, Jr., ... with intent to commit an offense punishable by imprisonment for a term exceeding one year, that is, bank robbery, in violation of Section 2113, Title 18, United States Code, with knowledge and reasonable cause to believe such an offense was to be committed therewith, received a firearm, ... which said firearms [sic] had traveled in interstate commerce. (Violation: Title 18, United States Code, Section 924(b) ....)

Section 924(b) provides:

Whoever, with intent to commit therewith an offense punishable by imprisonment for a term exceeding one year, or with knowledge or reasonable cause to believe that an offense punishable by imprisonment for a term exceeding one year is to be committed therewith, ships, transports, or receives a firearm or any ammunition in interstate or foreign commerce shall be fined not more than $10,000, or imprisoned not more than ten years, or both.

18 U.S.C. § 924(b) (Supp. V 1981).

Section 2113 provides:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; ...

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

\*       \*       \*       \*       \*       \*

(f) As used in this section the term "bank" means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, and any bank the de-

---

**1.** Trevino was also convicted of possession of a firearm by a convicted felon. He does not appeal his conviction on this count.

posits of which are insured by the Federal Deposit Insurance Corporation.

18 U.S.C. §§ 2113(a) & (f) (1976).

## III. ISSUE ON APPEAL.

It is undisputed that the government failed to prove that the robbery involved a "bank" as defined in section 2113(f). On appeal, Trevino urges us to hold that this failure constitutes insufficiency of evidence as a matter of law, because the bank's section 2113(f) status was an essential element of the crime with which Trevino was charged and convicted. In response, the government makes a series of arguments, considered *infra,* the essence of which consists of its assertion that it is unnecessary to prove every element of a section 2113 offense in order to obtain a valid conviction under section 924(b). Thus, the issue presented to us, which is one of the first impression, is whether, in a prosecution under section 924(b), every element of the underlying crime that the defendant is charged with intending to violate must be proved in order to obtain a valid conviction.

## IV. DISCUSSION.

■ Initially we note that our standard of review on a motion for judgment of acquittal is whether, viewing the evidence and the inferences therefrom in the light most favorable to the government, *see, e.g., Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc), *aff'd on other grounds,* —— U.S. ——, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). Because it is axiomatic that no evidence cannot constitute sufficient evidence, and it is undisputed that no evidence with regard to the Citizen's National Bank of Victoria's status under section 2113(f) was presented at trial, our inquiry in this case must concentrate on whether proof of this nature is required

where the defendant is charged, not with a violation of section 2113 itself, but rather with the intent to violate section 2113, in violation of section 924(b).

As we noted *supra,* this particular question appears not to have arisen before in this or any other circuit. Because cases involving statutes sufficiently analogous to section 924(b) have been decided in this circuit, however, we base our analysis on the analysis in those cases.

In *United States v. Murrah,* 478 F.2d 762 (5th Cir.1973), the defendant was charged both with aiding and abetting the robbery of a bank in violation of 18 U.S.C. § 2113(d), and conspiracy to commit the same bank robbery in violation of 18 U.S.C. § 371 (1976). Section 371 provides:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

\* . \* \* \* \* \*

The defendant challenged his conviction, contending, *inter alia,* that the bank's section 2113(f) status was improperly shown by hearsay testimony.[2] We rejected the defendant's argument, finding a sufficiency of properly admitted evidence to support a finding that the bank was within section 2113(f)'s definition. In so doing, however, we noted that "[o]f course proof of FDIC insurance is a required element of proof of the offense." *Id.* at 764. While neither this language nor its context elucidates whether "the offense" refers to the section 371 violation or the section 2113 violation, or both, our more recent decision in *United States v. Platenburg,* 657 F.2d 797 (5th Cir. 1981), clarifies this question.

**2.** Although the opinion does not specifically mention section 2113(f), it is clear that the court's references to the bank's "FDIC status" necessarily refer to that subsection. By its

own terms, section 2113(f)'s definition applies to the use of the term "bank" in the whole of section 2113.

■ In *Platenburg,* the defendant was charged with conspiracy to make and the making of false statements to an FDIC insured bank, in violation of 18 U.S.C. §§ 371, 372, & 1014 (1976). The defendant challenged the sufficiency of the evidence establishing the bank's FDIC status. Initially, in framing the issue there before us, we stated it as being "whether the government adduced sufficient evidence to establish that the bank was insured by the FDIC at the time of the *events* in question." *Id.* at 798 (emphasis added). In reversing his conviction, furthermore, we held that "[p]roof of this status is not a mere formality; it is an essential element of the offense charged in the case before us .... The government must prove beyond a reasonable doubt that the [bank] was insured by the FDIC in 1979 when the charged criminal *acts* occurred." *Id.* at 799 (emphasis added). Because the "acts" for which the defendant was convicted included conspiracy to violate a federal statute that required FDIC insured status in order for an institution to come within its protection, *Platenburg* makes it clear that proof of that status is an essential element both for conviction of the substantive underlying statute and for the conspiracy to violate it.

■ In the instant case, Trevino was convicted under 18 U.S.C. § 924(b) of receipt of a firearm with the intent to violate 18 U.S.C. § 2113. Clearly, a charge of conspiracy differs from a charge of intent to violate an underlying statute insofar as conspiracy involves an agreement between multiple individuals to violate a statute or commit an illegal act, and intent to violate involves a single individual. However, the two are similar to the extent that each alleges an inchoate, or anticipatory, offense. In both, the defendant's intent to commit a substantive underlying offense is crucial, whether or not this intent is actually realized. And because in both, culpability is based on a defendant's intent rather than on the consummation of the underlying offense, it is equally important that this intent be shown to focus on a *specific* underlying offense. We think that these similarities provide a sufficient basis upon which to extend our holdings in *Platenburg* and *Murrah* to the case before us. We do not see a distinction of legal consequence, with regard to the requirements of proof of the elements of section 2113, between an intent to violate and a conspiracy to violate charge. Thus, we hold that in a prosecution under section 924(b) for receipt of a firearm with intent to violate section 2113, proof of the section 2113(f) status of the bank involved is an essential element of the crime charged. The defendant's guilt must be measured by the offense he is specifically charged with the intent to violate; therefore, proof of the elements of section 924(b) alone will not suffice.

With this determination in mind, we turn to the parties' contentions in the instant case. Trevino's assertion is succinct: the government's failure to produce any evidence on the section 2113(f) status of the Citizen's National Bank of Victoria is fatal to Trevino's conviction under section 924(b). The government's arguments, being more numerous and more lengthy, we deal with in turn.[3]

■ The government first contends that it was required to show only the elements of 18 U.S.C. § 924(b), and not those of section 2113:

> It is not necessary to prove every element of the federal bank robbery offense in order to prove intent to commit bank robbery. Indeed, a conviction may be had even though no bank robbery was actually committed.

---

**3.** We note the similarity between the government's brief here and the one it filed in *United States v. Beckett,* 706 F.2d 519, 521 (5th Cir. 1983).

The government cites three cases: *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. London,* 550 F.2d 206 (5th Cir.1977); and *Glasser v.*

*United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The first two deal with the sufficiency of an indictment, an issue only tangentially relevant here; the last articulates the standard of appellate review of the sufficiency of evidence on a motion for judgment of acquittal. See our discussion of *Glasser, supra.*

Brief for Appellee United States at 7–8. This argument is without merit. To come within the purview of section 2113, whether or not a bank robbery is actually committed, a "bank" as defined in that statute must be involved. Without a showing of the institution's section 2113(f) status, in legal effect there is no "bank" to be robbed or to be intended to be robbed. A criminal charge based on the intent to commit a criminal act does not exist in the abstract. When the indictment charges the intent to violate a specifically designated statute, it follows logically that the defendant must be convicted only upon proof of the intent to violate each element of the underlying substantive offense.[4]

■ The government next asserts that, even if we hold that it is necessary to prove all of the elements of section 2113 to support Trevino's conviction, the conviction should nonetheless be upheld because the proof at trial demonstrated all of the substantive elements of the Texas bank robbery statute, Tex. Penal Code Ann. § 29.02 (Vernon 1974). This argument is specious. Trevino was not charged with this offense; thus, it is elementary that he could not be convicted of having violated it, even if all of its elements were proved at trial.

The government contends further that the indictment provided Trevino with sufficient notice of the crimes he was alleged to have committed. Apparently the government intends this argument to serve a two-fold purpose: to uphold the conviction under either 18 U.S.C. § 924(b), or under Tex. Penal Code Ann. § 29.02, *supra.* However, both of these contentions miss Trevino's point. The sufficiency of the notice provided by the indictment is not at issue in this case. Whether Trevino was adequately informed of the charges against which he was to defend is not an unimportant issue, but it is not the one before us. Rather, the sufficiency of the evidence adduced at trial to prove the elements of the offense adequately charged and described in Count I of the

indictment is the determinative issue. Thus, the government's contention in this regard bears little relevance to our analysis.

■ Finally, the government asserts that section 2113(f)'s definition of a "bank" is a jurisdictional provision, and exists only to provide the federal courts with jurisdiction over the offense. Because section 924(b) requires that the firearms received by the defendant have traveled in interstate commerce, the government reasons, the jurisdictional predicate has been met and section 2113(f) need not be satisfied. The government goes on to contend that in such a case, "[t]he bank which is intended to be robbed may be either a national or state bank." Brief for Appellee United States at 12. We do not agree. The section 2113(f) status of a financial institution serves a dual purpose, one of which the government's position ignores entirely. Section 2113(f) provides both a jurisdictional predicate *and* a substantive element of section 2113. It is well settled that the section 2113(f) definition of "bank" constitutes an essential element of the criminal offense when the defendant is charged directly with a violation of 18 U.S.C. § 2113. *See United States v. Maner,* 611 F.2d 107, 108 (5th Cir.1980); *United States v. Fitzpatrick,* 581 F.2d 1221, 1223 (5th Cir.1978); *see also Platenburg, supra; United States v. Brown,* 616 F.2d 844 (5th Cir.1980) (aiding and abetting § 2113 violation); *Murrah, supra.* We have often so held, and often had occasion to note the disturbing regularity with which the government fails, or comes 'periously close" to failing, to present evidence sufficient to prove this element. *See Platenburg, supra,* 657 F.2d at 799–800; *Maner, supra,* 611 F.2d at 111–12; *United States v. Williams,* 592 F.2d 1277, 1282 (5th Cir.1979). In *Maner* we noted that:

[W]e have difficulty comprehending why the Government repeatedly fails to prove this element more carefully since the Government's burden is so simple and

---

**4.** We do not hold that the defendant must actually be aware of the bank's § 2113(f) status. Such a showing would be virtually impossible in most cases. Rather, the government must

prove the defendant's intent to rob an institution that, whether or not the defendant knows it, falls within § 2113(f)'s definition of "bank."

straightforward.... [T]he fault lies not with the Trial Judge. It rests squarely on the shoulders of the prosecutor.... [T]his is a nationwide plague infecting United States Attorneys throughout the land.

611 F.2d at 112. Although we went on to hold that the government had in *Maner* "just barely" met its burden with regard to section 2113(f), in *Platenburg, supra,* we overcame our reluctance to reverse a conviction on this ground. There, we held that "the line from sufficiency to insufficiency has been crossed." 657 F.2d at 799. We also observed that:

> Despite the fact that FDIC insured status is an express requirement of the applicable statutes, an essential part of a valid indictment, and an indispensible item of proof of an offense, prosecutors have been extremely lax in the treatment accorded this element.

*Id.*

■ Furthermore, we do not accept the argument that because interstate travel of a firearm was proved, section 2113(f) becomes irrelevant. Cases addressing the nature of section 2113(f)'s requirements are clear and unequivocal in stating that its purpose is two-fold. *See, e.g., Platenburg, supra,* 657 F.2d at 799 ("Proof of [FDIC] status is not a mere formality; it is an essential element of the federal offense charged in the case before us. Indeed, federal jurisdiction depends on this status."); *Maner, supra,* 611 F.2d at 108 ("To establish federal jurisdiction *and* to prove a violation of § 2113, the Government must show that the bank was insured by the FDIC ....") (emphasis added); *Fitzpatrick, supra,* 581 F.2d at 1223 ("proof of the insured status ... was an essential element of the crime charged, and indeed had to be proved in order to establish federal jurisdiction."); *Murrah, supra,* 478 F.2d at 764 ("Of course proof of FDIC insured status is a required element of proof of the offense. Indeed it is necessary to allege and prove it to establish federal jurisdiction."). The government would have us ignore the teaching of these cases; we decline to do so. If Trevino was to be tried for having received firearms with the intent to rob a state bank, the indictment would, or should, have so charged him. That he was instead charged specifically with the intent to violate 18 U.S.C. § 2113 mandates a showing of the bank's section 2113(f) status.

## V. CONCLUSION.

■ In light of the foregoing, we hold that, in a case where the defendant is charged with violating 18 U.S.C. § 924(b) with the intent to violate 18 U.S.C. § 2113, all of the statutory elements of each offense, including section 2113(f), must be proved by the government. As we noted *supra,* no evidence cannot be sufficient evidence. In this case, there was no evidence on the section 2113(f) issue; thus, the evidence was necessarily insufficient to support Trevino's conviction under Count I of the indictment.

Our disposition of this appeal, because it is dictated by lack of sufficient evidence, compels dismissal of Count I, not just remand for a new trial with better evidence. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Thus, we reverse and order that Count I of the indictment be dismissed.

The judgment of the district court as to Count I of the indictment is REVERSED.