993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney William WINCHESTER, Defendant-Appellant.
 No. 92-5290.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 2, 1992
Decided: April 29, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Anderson. G. Ross Anderson, Jr., District Judge. (CR-91-542)
 D. Garrison Hill, Hill, Wyatt & Bannister, Greenville, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, William C. Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Rodney William Winchester appeals from the judgment entered pursuant to his guilty pleas to a firearm offense and to entering a bank with the intent to rob it. He contends that the district court erred by denying his motion to dismiss Count Two of the indictment, which charged him with carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C.A. § 924(c)(1) (West 1985 & Supp. 1992). Winchester argues that the Count One offense of entering a bank with the intent to commit a felony affecting the bank, 18 U.S.C. § 2113(a) (1988), is not in itself a"crime of violence" sufficient to support the § 924(c)(1) offense charged in Count Two. Based on the facts presented in this case, we find thats 2113(a) can indeed constitute a crime of violence. Finding no error, we affirm.
 
 I.
 
 2
 Count One of the indictment alleges that Winchester entered a branch of North Carolina National Bank in Pendleton, South Carolina, with the intent to commit the felony of "taking from the person or presence of another by force and violence and by intimidation, monies belonging to and in the care, custody, control, management and possession of said bank," or bank robbery, as proscribed by the first paragraph of § 2113(a). Count Two charges that Winchester, during and in relation to a "crime of violence," willfully used and carried a firearm.
 
 
 3
 According to the government, Winchester entered the bank on September 27, 1991, wearing a false beard, glasses, a hat, a camouflaged jacket, and gloves. Suspicious bank employees contacted the police. Before Winchester committed the intended robbery, a police officer entered the bank. Winchester left by another door and was stopped shortly thereafter on foot by two officers. Winchester broke away from the ensuing pat-down search and ran. While fleeing, Winchester dropped a fully-loaded Star Brand .380 caliber automatic pistol, a fully loaded magazine, and portions of his disguise. He was pursued and later arrested.
 
 
 4
 The district court denied Winchester's Fed. R. Crim. P. 12(b)(2) motion to dismiss Count Two for failure to charge an offense. The court determined that the underlying intended felony alleged in Count One, that is, a taking by force, violence, and intimidation through the use of a loaded firearm, was sufficiently violent in nature to satisfy the "crime of violence" element required for conviction on the Count Two § 924(c)(1) offense. Winchester conditioned his plea of guilty to the indictment on a right to appeal the issue currently before this Court. Winchester was sentenced to ninety-seven months imprisonment, consisting of thirty-seven months on Count One and the mandatory consecutive sixty months on Count Two.
 
 II.
 A crime of violence is any felony that:
 
 5
 (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
 
 
 6
 (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
 
 
 7
 18 U.S.C.A. § 924(c)(3). Whether an offense constitutes a crime of violence is a question of law subject to de novo review on appeal. See United States v. Luskin, 926 F.2d 372, 379 (4th Cir.), cert. denied, 60 U.S.L.W. 3258 (U.S. 1991).
 
 
 8
 Section 2113(a) prohibits the entry or attempted entry into a bank with the intent to commit any felony therein that both affects the bank and violates the laws of the United States. The underlying intended felony is an essential element of § 2113(a). See United States v. Hayes, 775 F.2d 1279, 1282 (4th Cir. 1985); Fed. R. Crim. P. 7(c)(1).
 
 
 9
 By alleging an underlying felonious intent of armed bank robbery in this case, Count One subsumes the essential elements of bank robbery as a necessary predicate to conviction under § 2113(a).
 
 
 10
 A criminal charge based on the intent to commit a criminal act does not exist in the abstract. When the indictment charges the intent to violate a specifically designated statute, it follows logically that the defendant must be convicted only upon proof of the intent to violate each element of the underlying substantive offense.
 
 
 11
 United States v. Trevino, 720 F.2d 395, 400 (5th Cir. 1983) (footnote omitted).
 
 
 12
 Armed bank robbery is per se a crime of violence because it involves a taking "by force and violence, or by intimidation."[1] 18 U.S.C. § 2113(a). See United States v. Wagstaff, 865 F.2d 626, 627 (4th Cir.), cert. denied, 491 U.S. 907 (1989). As such, it involves the use or threatened use of physical force referenced in § 924(c)(3). See United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3799 (U.S. 1992); United States v. Adkins, 937 F.2d 947, 950 n.2 (4th Cir. 1991). The Count One offense charged in this case is itself a lesser-included offense of bank robbery. Prince v. United States, 352 U.S. 322, 328 (1957). Upon entering the bank, Winchester intended the same threatened use and substantial risk of physical force implicit in the offense of armed bank robbery. See Luskin, 926 F.2d at 379. The fact that Winchester failed to brandish his weapon and commit the robbery does not diminish the serious and violent nature of the intended criminal act.[2] United States v. Thompson, 891 F.2d 507, 510-11 (4th Cir. 1989) ("Merely because physical force is not in fact used during the course of an offense does not make it irrational to equate the seriousness of that offense with an offense where force is used and injury inflicted."), cert. denied, 495 U.S. 922 (1990).
 
 
 13
 Based upon the use or threatened use of physical force and the substantial risk of physical force implicit in the underlying intended felony of armed bank robbery, we find the district court properly concluded that the offense of entering a bank with the intent to commit that felony was a "crime of violence." Therefore, we affirm the district court's denial of Defendant's motion to dismiss Count Two. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The very presence of a firearm adds further credence to a substantial risk of physical force and danger. McLaughlin v. United States, 476 U.S. 16, 17 (1986)
 
 
 [2]
 This same logic has been used to classify conspiracies under § 924(c). "[A] conspiracy to commit a crime of violence is itself a violent crime." United States v. Johnson, 962 F.2d 1308, 1311 (8th Cir.), cert. denied, 1992 U.S. LEXIS 6597 (U.S. 1992). Conversely, a conspiracy to commit an inherently non-violent crime fails to qualify as a "crime of violence." See United States v. Cruz, 805 F.2d 1464 (11th Cir. 1986), cert. denied, 481 U.S. 1006 (1987); United States v. Diaz, 778 F.2d 86 (2d Cir. 1985)