FILED
United States Court of Appeals
Tenth Circuit

February 2, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RICHARD D. BURK,

      Defendant-Appellant.

Nos. 09-3088 & 09-3175
(D.C. No. 2:08-CR-20128-KHV-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

---

On December 2, 2008, Richard D. Burk conditionally pled guilty to one

felony count of bank robbery in violation of 18 U.S.C. § 2113(a). He received a

sentence of 189 months. Mr. Burk now brings two appeals, which we have

consolidated for purposes of disposition. The first is a counseled direct appeal

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

from his conviction and sentence ("09-3088 appeal"); the second is a *pro se* appeal from the district court's denial of Mr. Burk's *pro se* motion to dismiss the indictment ("09-3751 appeal"). Mr. Burk's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising us that he discerns no colorable basis for the 09-3088 appeal and seeking leave to withdraw. After careful review and for the reasons we describe below, we grant counsel's motion to withdraw and dismiss the appeal in 09-3088. Given that Mr. Burk's *pro se* appeal in 09-3751 from the district court's refusal to dismiss the indictment is based on the same issues that we address in the main appeal, we dismiss that appeal as moot.

The district court sentenced Mr. Burk on March 31, 2009. He immediately filed a *pro se* motion to dismiss the indictment pursuant to Fed. R. Civ. P. 12(b), contending the district court did not possess jurisdiction over the criminal charge against him because the Federal Deposit Insurance Corporation ("FDIC") does not provide insurance where, as here, the monies are taken from a cash register, and arguing that the indictment was deficient. Mr. Burk's counsel filed the 09-3088 appeal on April 6, 2009, raising claims identical to those raised in Mr. Burk's motion to dismiss the indictment.[1] The district court overruled the Fed. R. Civ. P.

---

[1] At the request of Mr. Burk, counsel orally argued to the district court just prior to the scheduled trial that the court lacked subject matter jurisdiction and that the indictment was deficient. When the court denied the motion, Mr. Burk pled guilty on the condition that he could appeal these issues.

12(b) motion on June 3, 2009, on the basis that Mr. Burk filed the motion to dismiss *pro se* while represented by counsel, and also that "defendant's motion lacks substantive merit." *See* rec., vol. I at 71 (June 3, 2009 Order, at 1). Mr. Burk filed *pro se* the notice of appeal in 09-3175.[2]

*The 09-3088 appeal*

Under *Anders*, when counsel appointed to represent an indigent defendant on direct appeal determines a case to be wholly frivolous:

> He should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court – not counsel – then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

386 U.S. at 744. Consistent with *Anders*'s instruction directing counsel to submit a brief referring any support for the appeal, Mr. Burk's counsel submitted the following challenges:

> The District Court's failure to dismiss the indictment for want of subject matter jurisdiction, its failure to dismiss the indictment for insufficiency, and the Court's refusal to consider the defendant's mental state at the time of the offense require a reversal of the convictions and dismissal with prejudice or, in the alternative, resentencing.

---

[2] We deny the government's motion to dismiss Mr. Burk's *pro se* appeal. While his initial notice of appeal was premature, we abated it pending the district court's denial of the *pro se* motion to dismiss the indictment. Mr. Burk filed another notice of appeal after the district court ruled.

-3-

Aplt. Br., No. 09-3088, at 5. Mr. Burk filed a supplemental *pro se* brief in response to notice of the *Anders* brief, raising the first two issues and asserting the additional reasons set forth in his *pro se* sentencing memorandum to overturn the district court's denial of the variance he requested.

Mr. Burk's primary claim, echoed in his appeal in 09-3175, is that the district court did not possess jurisdiction over his alleged violation of 18 U.S.C. § 2113(a). He points out that FDIC insurance coverage is required to establish federal jurisdiction over controversies arising under § 2113. *See* Aplt. Br., No. 09-3088, at 6, 7 (citing *United States. v. Murrah*, 478 F.2d 762 (5th Cir. 1973)). He argues that the FDIC insurance covers "deposits" and does not cover the bank's money in a teller's drawer/register, and thus no federal jurisdiction attaches to his bank robbery of cash from such registers. *See id.* at 7. In his *pro se* supplemental briefs, Mr. Burk contends there is no jurisdiction because the United States was not injured.[3]

---

[3] In his reply brief, Mr. Burk asserts specifically that there is no subject matter jurisdiction because:
1. FDIC is not a party to the crime
2. United States is not a victim
3. §2113(f) is a "Definitional paragraph not a "Jurisdictional paragraph"
4. If §2113(f) is a jurisdictional paragraph, law forbids a jurisdictional element to define a crime
5. FDIC is not part of the United States
6. First State Bank is the injured party

Aplt's Reply at 4.

We review the district court's determination of jurisdiction *de novo*. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1121 (10th Cir. 2003), and we agree that Mr. Burk's contention lacks merit. As the court held in *United States v. Dunham*, 995 F.2d 45, 456 (5th Cir. 1993), the "argument that the federal courts are without jurisdiction to conduct proceedings regarding the robbery of a federally insured state bank has no arguable basis in law or in fact and is thus frivolous."

Mr. Burk's second claim challenges the sufficiency of the indictment charging him with robbing an FDIC-insured bank. He contends the indictment charged him with taking "[d]eposits of which were then insured by the Federal Deposit Insurance Corportation[,]" but that FDIC coverage does not extend to cash in teller's registers or drawers because the disputed funds do not constitute "insured deposits." Aplt. Br., No. 09-3088, at 9. An indictment is sufficient if "it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend, and if it enables a defendant to assert a double jeopardy defense. *United States v. Doe*, 572 F.3d 1162, 1173 (10th Cir. 2009). Mr. Burk cites nothing in support of his teller register/drawer exception to federal jurisdiction over robberies of FDIC-insured banks, nor have we located any such case. Our review of the indictment reveals clear notice of the offense charged, including its elements, sufficient to enable Mr. Burk to assert a double jeopardy defense. *See* Aple. Br., No. 90-3088, at 5-8.

Third, Mr. Burk disputes the district court's failure to grant him a

sentencing departure or a variance. We review the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). Having reviewed the record, we are not persuaded by counsel's argument that the district court erred in determining Mr. Burk failed to establish a diminished capacity at the time of the offense. With respect to the argument Mr. Burk made in his sentencing memorandum, we review a district court's decision to deny a request for a variance under a deferential abuse of discretion standard. *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). Applying the presumption of reasonableness to Mr. Burk's within-guidelines sentence, we conclude that the district court's denial of the request for a variance based on Mr. Burk's life circumstances did not constitute an abuse of discretion.

For these reasons, we agree with counsel's assessment that no nonfrivolous issue exists in the 09-3088 appeal. We therefore **DISMISS** that appeal and **GRANT** counsel's motion for leave to withdraw. Because Mr. Burk's 09-3751 appeal from the denial of his motion to dismiss the indictment is based on the same arguments we have addressed *infra*, we **DISMISS** that appeal as moot. We deny as moot Mr. Burk's motion to strike the government's motion to dismiss.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-6-