[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14390
Non-Argument Calendar

_____

D. C. Docket No. 03-00431-CR-BBM-1-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELESTER MIDDLEBROOK,
JONATHAN REMON MIDDLEBROOK,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(July 18, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Elester Middlebrook ("E. Middlebrook") and Jonathan Remon Middlebrook

("J. Middlebrook") (collectively "the Middlebrooks") and three others were charged in a three-count superceding indictment with robbing the Wachovia Bank Atlanta Money Center (the "Money Center"), in violation of 18 U.S.C. §§ 2113(a) and (d) (Count One); possession of a firearm during a bank robbery, in violation of 18 U.S.C. § 924(c) (Count Two); and conspiracy to take currency by threat or violence, which obstructed commerce, in violation of 18 U.S.C. § 1951 (Count Three).[1] The Middlebrooks pled not guilty and stood trial before a jury. The jury found them guilty as charged and the court sentenced them to prison. They now appeal their convictions and sentences.

Together, the Middlebrooks raise the following issues: (1) whether the Government failed to establish that the Federal Deposit Insurance Corporation ("FDIC") insured the Money Center at the time of the robbery; (2) whether the district court erred in adjudging them guilty of both 18 U.S.C. §§ 1951 and 2113; and (3) whether the court erred by sentencing them under the (then) mandatory Federal Sentencing Guidelines in derogation of the Supreme Court's holdings in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In addition to above, E. Middlebrook submits these issues: (1) whether the district

---

[1] These co-defendants were Darryl Shortt, Larry Preston, and Sal Mineo Simpson. They pled guilty to one or more of the indictment's three counts and testified as prosecution witnesses at the Middlebrooks's trial.

court abused its discretion by failing to strike FBI Agent Daniel Phillip Sindall's testimony that he knew that E. Middlebrook committed the bank robbery; (2) whether the court violated <u>Booker</u> by sentencing him to a seven-year consecutive sentence for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii); and (3) whether the district court clearly erred by failing to provide a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. We begin in Part I with the Middlebrooks's joint challenges to their convictions. In Part II, we address E. Middlebrook's additional challenge to his convictions. Then, in Part III, we examine the Middlebrooks's sentences under <u>Booker</u>.

## I.

### A.

The Middlebrooks contend that the testimony of a bank employee that the FDIC insured the Money Center was insufficient to establish that the FDIC actually insured the bank; therefore, the district court should have granted their motion for judgment of acquittal on Count One. They contend that to establish this element of the offense, the Government had to present either the testimony of a bank officer or a certificate of insurance.

We review the denial of a motion for judgment of acquittal <u>de novo</u>. <u>United States v. Evans</u>, 344 F.3d 1131, 1134 (11th Cir. 2003). When evaluating the

3

evidence, we do not defer to the district court's determination that it was sufficient to convict. Instead, we view the evidence in a light most favorable to the Government, and draw all reasonable inferences and credibility choices in favor of the jury's verdict. Id. We will not overturn a jury's verdict "'if any reasonable construction of the evidence would have allowed the jury to find the appellant guilty beyond a reasonable doubt.'" United States v. Ventura, 936 F.2d 1228, 1230 (11th Cir. 1991) (quoting United States v. Bonavia, 927 F.2d 565, 569-70 (11th Cir. 1991)).

"To establish federal jurisdiction and to prove a violation of [18 U.S.C.] § 2113, the Government must show that the bank was insured by the FDIC at the time of the robbery." United States v. Maner, 611 F.2d 107, 108 (5th Cir. 1980). Although the government may present sparse proof of such insurance, "[s]parse evidence . . . can be enough." United States v. Brown, 616 F.2d 844, 848 (5th Cir. 1980). Consequently, "[u]ncontradicted testimony [that] the deposits were federally insured is sufficient." United States v. Baldwin, 644 F.2d 381, 385 (5th Cir. May 4, 1981).

We conclude that the Government provided sufficient evidence for the jury to find that the Money Center was federally insured as alleged in the indictment by presenting the uncontradicted testimony of the bank manager who stated that FDIC

insurance was in effect on the day of the robbery.

B.

The Middlebrooks contend that the district court erred in adjudging them guilty and sentencing them for violation of both 18 U.S.C. § 2113 and 18 U.S.C. § 1951 because the bank robbery statute, § 2113, is a comprehensive scheme for punishing those who rob federally insured banks and thus should be exclusively used to proscribe conduct within its coverage.

Ordinarily, we review whether counts in an indictment are multiplicitous de novo. United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000). However, because the Middlebrooks raise this issue for the first time on appeal, we examine the district court's decision (to convict and sentence them under both statutes) for plain error. United States v. Peters, 403 F.3d 1263 (11th Cir. 2005). "Under plain error review, which is authorized by Fed. R. Crim. P. 52(b), federal appellate courts have only a limited power to correct errors that were forfeited because [they were] not timely raised in [the] district court." Id. (citations and internal quotation marks omitted). Plain error exists where there is (1) error that (2) is plain, (3) affects the defendant's substantial rights, and (4) "affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1271 (citation and internal quotation marks omitted). "It is the law of this circuit that, at least where the

5

explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

We discern no plain error here. Neither statute (§ 2213 or § 1951), nor Eleventh Circuit case law, nor Supreme Court precedent prohibits the simultaneous conviction under §§ 2113 and 1951 in the factual scenario this case presents.

II.

E. Middlebrook contends that the district court abused its discretion in overruling his objection to, and motion to strike, Agent Sindall's statement from the witness stand that "I showed him [,i.e., one of the cooperating co-defendants] these three photographs purposely hiding their names because I knew these were the individuals involved in the bank robbery. . . ." Agent Sindall made the statement after the Government had recalled him to the stand following co-defendant Simpson's testimony and had concluded its direct-examination.

Part of the testimony Simpson gave during his first appearance on the stand concerned the first time Agent Sindall interviewed him (about six months after the robbery occurred). During that interview, Simpson identified certain photographs, including the Middlebrooks's photos. On cross-examination, defense counsel

6

attempted to leave the jury with the impression that when Simpson identified the photographs, he saw the names J. Middlebrook and E. Middlebrook which appeared on the paper on which their respective photos had been printed. The Government recalled Simpson to clarify for the jury that when Agent Sindall showed Simpson the Middlebrooks's photos, he folded the papers so that Simpson could not see the Middlebrooks's names. The Sindall statement E. Middlebrook challenges, "I showed him these photographs. . . ," came on the cross-examination being conducted by J. Middlebrook's attorney. After Sindall made the statement, E. Middlebrook's attorney objected and moved the court to strike it on the ground that Sindall was giving his opinion that the Middlebrooks "were the ones involved in the bank robbery." In other words, in investigating the crime, Sindall had concluded—it was his opinion—that the Middlebrooks had committed it. As a lay witness, however, he was precluded from rendering such opinion because it trenched on the ultimate issue the jury had to decide: whether the Middlebrooks participated in the robbery.

"The ultimate decision as to the admissibility of lay opinion testimony is committed to the sound discretion of the district court and will not be overturned on appeal unless there is a clear abuse of discretion." United States v. Pierce, 136 F.3d 770, 773 (11th Cir. 1998) (citation and internal quotation marks omitted).

If the district court abused its discretion in admitting evidence, we may still affirm if the error was harmless. See United States v. Frazier, 387 F.3d 1244, 1267 n.20 (11th Cir. 2004). "Evidentiary decisions do not constitute reversible error 'unless a substantial right of the party is affected,' Fed.R.Evid. 103(a), and errors that do not 'affect substantial rights must be disregarded.' Fed. R. Crim. P. 52(a)." Id. "Errors do affect a substantial right of a party if they have a 'substantial influence' on the outcome of a case or leave 'grave doubt' as to whether they affected the outcome of a case." Id. (citations omitted). The Government has the burden of showing an error was harmless. See e.g., United States v. Monroe, 353 F.3d 1346, 1352 (11th Cir. 2003).

> Under Fed.R.Evid. 701,
>
> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed.R.Evid. 701. "Rule 403 [of the Federal Rules of Evidence] permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice.'" Pierce, 136 F.3d at 775 (citation omitted.).

We conclude that the district court abused its discretion by failing to strike

Sindall's statement that he knew E. Middlebrook was involved in the bank robbery; the statement was not based on perceptions as Sindall was not present when the robbery occurred. The error was harmless, however, because the great weight of evidence—in particular, the testimony of co-conspirators—implicated E. Middlebrook in the planning and commission of the robbery.

III.

The Middlebrooks contend that the district court infringed their Sixth Amendment right to a trial by jury under United States v. Booker by enhancing their sentences based on facts the existence of which the jury did not find and they did not admit. In Booker, the Supreme Court held that the Sixth Amendment right to trial by jury is denied where "[u]nder a mandatory guidelines system, a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), petition for cert. filed, 73 U.S.L.W. 3531 (Feb. 23, 2005) (No. 04-1148). The sentencing court does not err, however, when it "use[s] extra-verdict enhancements in a non-mandatory guidelines system." Id. at 1300. Thus, there are two types of errors in sentencing under the Federal Guidelines: (1) the constitutional through the use of "extra-verdict enhancements to reach a guidelines result that is binding on the

sentencing judge," and (2) the statutory through the use of the Guidelines in a mandatory fashion. See United States v. Shelton, 400 F.3d 1325, 1331 (11th Cir. 2005).

At sentencing, the district court made factual findings (unsupported by the jury's verdict or the Middlebrooks's admissions) in determining the Middlebrooks's sentences, thereby infringing their Sixth Amendment right to a jury determination. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). The question thus becomes whether the Government has shown that the error was harmless beyond a reasonable doubt. See id. An error is harmless if it does not affect the defendant's substantial rights. Id. In other words, the Government must convince us that "it is clear beyond a reasonable doubt that the error complained of did not contribute to the [sentence] obtained." Id. (citation and internal quotation marks omitted). Put another way, the error is harmless if "the Government . . . show[s] that the mandatory, as opposed to the advisory, application of the guidelines did not contribute to the defendant's sentence." United States v. Davis, 407 F.3d 1269, ____ (11th Cir. 2005).

We conclude that the district court's constitutional error was not harmless. We do not know what the district court would have done had it treated the Guidelines as advisory. The inference that the district court would give the

10

Middlebrooks the same sentences based on the court's decision to sentence them to the highest sentence in the Guideline range does not meet the beyond-a-reasonable-doubt standard because it does not establish that the constitutional error did not contribute to the defendants' sentences.  Accordingly, we **vacate** the Middlebrooks's sentences and **remand** the case for resentencing.[2]

**SO ORDERED.**

---

[2]  In his brief, in addition to rasing the Sixth Amendment <u>Booker</u> issue we have addressed, E. Middlebrook contends that the district court clearly erred in refusing to adjust his offense levels downward for acceptance of responsibility.  Appellant's brief at 12.  Since Middlebrook will receive a new sentencing hearing on remand, we need not and do not reach the acceptance-of-responsibility issue.