[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12213
Non-Argument Calendar

_____

D. C. Docket No. 03-00431-CR-04-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELESTER MIDDLEBROOK,

Defendant-Appellant,

JONATHAN REMON MIDDLEBROOK,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 27, 2007)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

In <u>United States v. Middlebrook</u>, 14 Fed. Appx. 834 (11th Cir. 2005), we affirmed appellant's convictions for armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) (Count One), possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two), and conspiracy to commit a robbery that affected interstate commerce, in violation of 18 U.S.C. § 1951 (Count Three). We vacated appellant's sentences under <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), however, and remanded the case for resentencing. On remand, the district court sentenced appellant to prison terms of 235 months on Counts One and Three and a consecutive prison term of 84 months on Count Two. Appellant now appeals his sentences.

Appellant's initial challenge is to the district court's enhancement of his offense level under the Guidelines for having played a managerial role in the criminal activity.

The Guidelines provide that "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive," the defendant's offense level is increased by three levels. U.S.S.G. § 3B1.1(b). In analyzing a defendant's role, the district court should consider:

> the exercise of decision making authority, the nature of participation
> in the commission of the offense, the recruitment of accomplices, the

2

claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, cmt. n.4.

We find no error in the district court's adjusting appellant's offense level upward for having played a managing role considering that appellant recruited one of the robbery's participants, attended planning meetings for the robbery, and directed the activity within the bank itself.

Next, appellant contends that the district court clearly erred in granting him a two-level enhancement based on the injuries suffered by one of the bank's employees. He asserts that he did not strike the victim, nor did he instruct anyone else to do so. According to him, the plan did not require or call for violence; hence, he should not be held responsible for his co-conspirators' use of unnecessary force.

One of the specific offense characteristics of armed bank robbery is a two-level enhancement if a victim sustains "bodily injury." U.S.S.G. § 2B3.1(b)(3)(A). Moreover, "in the case of a jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, should be taken into account in calculating the defendant's appropriate sentence." United States v. Pringle, 350 F.3d 1172, 1175-76 (11th Cir.

3

2003) (quotation omitted).  An act may be imputed from one co-conspirator to another, pursuant to U.S.S.G. § 1B1.3(a)(1)(B), provided that the conduct was (1) "reasonably foreseeable," and (2) "in furtherance of the jointly undertaken criminal activity."  United States v. Gallo, 195 F.3d 1278, 1281 (11th Cir. 1999).

The government must show "reasonable foreseeability" by the preponderance of the evidence.  United States v. Cover, 199 F.3d 1270, 1274 (11th Cir. 2000).  The government, however, need not show that the defendant expressly agreed to his codefendant's acts.  Id. at 1275 (holding that "reasonably foreseeable" has never been limited to acts that were expressly agreed to by the co-conspirators); see also U.S.S.G. § 1B1.3, cmt. n.2 ("the criminal activity that the defendant agreed to jointly undertake, and the reasonably foreseeable conduct of others in furtherance of that criminal activity, are not necessarily identical").  Instead, "an act is reasonably foreseeable if it is a necessary or natural consequence of the unlawful agreement."  Cover, 199 F.3d at 1275 (internal punctuation and quotations omitted).

Here, it was reasonably foreseeable that an injury might occur due to the armed robbery planned in this case.  That the robbery was apparently going smoothly and that violence was not part of the original plan did not make subsequent violence unforeseeable, especially when the perpetrators are armed.  In

4

sum, the court did not err in applying the two-level enhancement for victim injury.

Appellant next argues that the district court clearly erred in failing to grant him an offense level reduction for acceptance of responsibility. He contends that if he had pled guilty, it would have been difficult to preserve his rights under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He submits that he should not be precluded from receiving such reduction because he exercised his trial rights and complained about the Government's plea bargaining position.

The Guidelines provide for a two-level reduction of the offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The commentary to § 3E1.1 provides the following considerations for determining acceptance of responsibility:

> (a) truthfully admitting the conduct comprising the offense(s) of conviction . . .
> (b) voluntary termination or withdrawal from criminal conduct or associations;
> (c) voluntary payment of restitution prior to adjudication of guilt;
> (d) voluntary surrender to authorities promptly after commission of the offense;
> (e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense.

U.S.S.G. § 3E1.1(a), cmt. n.1(a-e).

Appellant failed to come forward with any evidence to show entitlement to

the reduction. At the re-sentencing hearing and now on appeal, his sole argument for receiving a reduction was that he went to trial over a Guidelines issue and not simply to make the Government prove its case. He addressed none of the considerations illustrated by the commentary to § 3E1.1; thus, it would be difficult for us to say that the court erred in denying the reduction for acceptance of responsibility.

Appellant contends that he was improperly sentenced on Count Three to a mandatory minimum sentence of seven years for brandishing a weapon. He says that it is impossible to tell from the verdict whether the jury found that he brandished the weapon or merely mentioned the weapon, which would result in a mandatory minimum sentence of five years.

Section 924 of Title 18 provides:

[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . .
(I) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

18 U.S.C. § 924(c)(1)(A).

The Supreme Court has held that increasing a defendant's minimum

6

sentence on a judicial finding of brandishing is constitutional. Harris v. United States, 536 U.S. 545, 568, 122 S.Ct. 2406, 2420, 153 L.Ed.2d 524 (2002). The factor "need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt." Id.; see also United States v. Gray, 260 F.3d 1267, 1281 (11th Cir. 2001) (same, but as applied to 18 U.S.C. § 924(c)(1)(A)(iii)).

At re-sentencing, the district court found that there was no doubt that the firearm was brandished based on the testimony of the employees inside the bank. Appellant does not contest the court's factual finding; rather, he contests who must make the finding. As the finding of whether or not the firearm was brandished is to be made by the court at sentencing, the court committed no error in imposing the seven-year mandatory minimum sentence.

Appellant's final argument is that his sentence is unreasonable. "In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the [18 U.S.C.]§ 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006) (citation omitted). In determining whether a sentence is reasonable, the district court should be guided by the § 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Section 3553(a) provides that district courts must consider, inter alia, (1) the applicable guideline range; (2) the nature and circumstances of

the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence; (6) protection of the public; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(6).

Although the district court must be guided by these factors, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Although a sentence within the advisory guidelines range is not per se reasonable, we would ordinarily expect such a sentence to be reasonable. Id. at 787-88. "[A] district court may determine, on a case-by-case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining section 3553(a) factors that the court must also consider in calculating the defendant's sentence." United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006).

The district court's deliberations reflected consideration of: (1) the history

8

and characteristics of the defendant; (2) the seriousness of the offense; and (3) the guidelines. The imposed sentences reflected consideration of several relevant § 3553(a) factors, and the district court explicitly acknowledged utilizing those factors. And the sentences were within the Guidelines range.

AFFIRMED.